# UNITED STATES *v.* MASON.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
DISTRICT OF COLORADO.

No. 642.    Argued March 5, 1909.—Decided April 5, 1909.

On an appeal taken in a criminal case by the United States under the act of March 2, 1907, c. 2564, 34 Stat. 1246, from the ruling of the Circuit Court sustaining a special plea in bar, this court is limited in its review to that ruling and cannot consider other grounds of demurrer to the indictment. *United States* v. *Keitel,* 211 U. S. 370, 398.

Section 5509, Rev. Stat., does not embrace any felony or misdemeanor against a State of which, prior to the trial in Federal court of the Federal offense the defendants had been lawfully acquitted by a state court having full jurisdiction.

As the Federal court accepts the judgment of a state court construing the meaning and scope of a state enactment, whether civil or criminal, it should also accept the judgment of a state court based on the verdict of acquittal of a crime against the State.

THE facts, which involve the construction of §§ 5508 and 5509, Rev. Stat., are stated in the opinion.

*Mr. Assistant Attorney General Fowler,* for plaintiff in error:

The facts presented in the special plea do not bring the case within the second jeopardy provision of the Fifth Amendment. This provision applies only to proceedings in United States courts. The first ten Amendments operate on the National Government alone. *Barron v. Baltimore,* 7 Pet. 242, 246; *Livingston v. Moore,* 7 Pet. 468, 551; *Fox v. Ohio,* 5 How. 410, 434; *Smith v. Maryland,* 18 How. 71, 76; *Withers v. Buckley,* 20 How. 84, 91; *Pervear v. The Commonwealth,* 5 Wall. 475, 479; *Twitchell v. The Commonwealth,* 7 Wall. 321, 325; *The Justices v. Murray,* 9 Wall. 274, 278; *Edwards v. Elliott,* 21 Wall. 532, 557; *Walker v. Sauvinet,* 92 U. S. 90, 92; *United States v. Cruikshank,* 92 U. S. 542, 552; *Pearson v. Yewdall,* 95 U. S. 294, 296; *Davidson v. New Orleans,* 96 U. S. 97, 101; *Kelly v. Pittsburg,* 104 U. S. 78, 79; *Presser v. Illinois,* 116 U. S. 252, 265; *Spies v. Illinois,* 123 U. S. 131, 166; *Brown v. New Jersey,* 175 U. S. 162, 174; *Barrington v. Missouri,* 205 U. S. 486; *Hunter v. Pittsburg,* 207 U. S. 176.

The fact that this case is pending in a Federal court does not make the provision applicable, as the pleas do not set up a former jeopardy within the meaning of the Constitution. The legislative and judicial acts of the state governments are entirely distinct from similar acts of the National Government, and this Amendment does not apply to any proceeding in a state court. *Barron v. Baltimore,* 7 Pet. 242, 246. See also *Fox v. Ohio,* 5 How. 410, 434; *United States v. Barnhart,* 22 Fed. Rep. 285, 290; 12 Cyc. Law and Pro. 259.

The same act may constitute an offense against both the national and state governments and the trial of one offense is

not a bar to the trial of the other. *Fox* v. *Ohio*, 5 How. 410, 434; *Moore* v. *People of Illinois*, 14 How. 13, 19; *United States* v. *Cruikshank*, 92 U. S. 542, 550; *Coleman* v. *Tennessee*, 97 U. S. 509, 518; *Ex parte Siebold*, 100 U. S. 371, 390; *Cross* v. *North Carolina*, 132 U. S. 131, 139; *Pettibone* v. *United States*, 148 U. S. 197, 209; *Crossley* v. *California*, 168 U. S. 640, 641; *Grafton* v. *United States*, 206 U. S. 333, 353; *Sexton* v. *California*, 189 U. S. 319.

The offense with which defendants are charged does not arise out of the same acts as, and is entirely different in its nature from, the offense for which they were tried in the state court.

Defendants are not in this case indicted for the murder of Walker, but for a conspiracy to injure and intimidate and oppress Walker and others in the exercise of certain privileges secured to them by the Constitution and laws of the United States. The gravamen of the offense here charged is the conspiracy. Rev. Stat.; § 5509, does not create a separate offense, but it only prescribes the punishment that may be inflicted in case it be determined by the jury that the aggravated conditions mentioned therein existed. As to the relationship between § 5508 and § 5509 and the object of the latter section, see *Davis* v. *United States*, 107 Fed. Rep. 755. See also *Rakes* v. *United States*, 212 U. S. 55; *Motes* v. *United States*, 178 U. S. 462.

*Mr. John M. Waldron*, with whom *Mr. Reese McCloskey* and *Mr. N. W. Dixon* were on the brief, for defendants in error:

The spirit, if not the letter, of the second jeopardy clause of the Fifth Amendment inhibits a retrial in the Federal court of the murder charge contained in the indictment. Constitutional provisions for the protection of person and property should be liberally construed. *Boyd* v. *United States*, 116 U. S. 635; *Ex parte Lange*, 18 Wall. 163, 205.

For cases holding, on a similar state of facts, that the right of retrial herein does not exist, see *Houston* v. *Moore*, 5 Wheat. 1; *United States* v. *Pirates*, 5 Wheat. 184, 197. See also 1 Kent's

Commentaries, 188; 1 Bishop's Crim. Law (6th Ed.), §§ 985, 984, 1060; 1 Wharton's Crim. Law, § 293; *In re Stubbs*, 133 Fed. Rep. 1012.

There are several decisions of the state supreme courts which refuse to recognize a concurrent jurisdiction. The bare possibility of a second prosecution for the same alleged criminal act is abhorrent to the principles of the common law, as well as the genius and spirit of American jurisprudence, and dual jurisdiction of state and Federal government to create offenses against each out of one act should be denied. See *Commonwealth* v. *Ketner*, 92 Pa. St. 372, 377; *Com.* v. *Fuller*, 8 Metcalf, 313 (Mass.); *Harlan* v. *People*, 1 Douglas' Reports (Mich.), 212.

These constitutional provisions here relied on are, in effect, but declaratory of the maxims and principles of the common law, and the humane principles represented thereby should be applied and enforced by the Federal courts, even though the Federal Constitution was silent upon the subject. *Ex parte Lange*, 18 Wall. 163–205; see also *State* v. *Cooper*, 1 Green (N. J.), 375; 1 Chitty's Crim. Law, §§ 452–462.

Mr. Justice Harlan delivered the opinion of the court.

This is a criminal prosecution under §§ 5508 and 5509 of the Revised Statutes. The substantial provisions of each of those sections were reproduced from the act of May 31st, 1870, c. 114, passed for the purpose of enforcing the right of citizens to vote in the several States, and for other purposes.

Those sections are as follows: " § 5508. If two or more persons conspire to injure, oppress, threaten or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or if two or more persons go in disguise on the highway or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured, they shall be fined not more than five thousand dollars and imprisoned not

more than ten years, and shall, moreover, be thereafter ineligible to any office or place of honor, profit or trust created by the Constitution or laws of the United States.   § 5509. If, in the act of violating any provision in either of the two preceding sections, any other felony or misdemeanor be committed, the offender shall be punished for the same with such punishment as is attached to such felony or misdemeanor by the laws of the State in which the offense is committed." Section 5507 prescribes a different offense from that specified in § 5508, has no bearing on the present case, and need not therefore be given here.

The first count of the indictment—stating it generally—charged the defendants with an unlawful, malicious and felonious conspiracy to injure, oppress, threaten and intimidate certain named persons, citizens of the United States, in the free exercise and enjoyment of a right and privilege secured to them and to each of them by the Constitution and laws of the United States, in this, that the said conspirators injured, oppressed, threatened and intimidated those citizens, in the free exercise and enjoyment of their right and privilege as special agents and employés of the Department of Justice and as citizens and agents of the United States, to investigate, discover, inform of, and report to the proper officer all violations of the laws of the United States and the evidence relating thereto, in the matter of the fraudulent and unlawful entry of coal and other public lands of the United States in Colorado, theretofore subject to entry under the laws of the United States. It was further charged in the same count that in pursuance of such unlawful and felonious conspiracy *and to effect the object thereof*, the defendants, within the District of Colorado, did kill and murder one Joseph A. Walker.

The second count differs from the first only in the particular that it charges that the alleged conspiracy and murder was because of the persons against whom the conspiracy was formed *having freely exercised* the right and privilege specified in the first count

The third count charges substantially the commission of the same offense of conspiracy and murder, because of the exercise by the citizens named of the right and privilege secured to them by the Constitution and laws of the United States to accept public employment from and to enter the service of the United States as officers, agents and employés, and to be secure in their persons from bodily harm, injury and cruelties, while discharging the duties belonging to them as such officers, agents and employés.

It was stipulated by the parties that the defendants might file a demurrer to the indictment and to each count thereof, as well as "a plea in bar in the nature of a plea of former acquittal" to so much of each count as charged them with the crime of having killed and murdered one Walker, named in the indictment—the stipulation reciting, "said charge of murder being based upon § 5509 of the Revised Statutes, and that the filing of said demurrer shall be without prejudice, in any respect, to the said plea, and likewise the said plea shall be without prejudice, in any respect, to the said demurrer."

The court made an order of record recognizing and giving effect to the above stipulation. The defendants filed a joint and several demurrer assailing the sufficiency of each count of the indictment. In view of the state of the record and of the conclusions reached by the court we need not set out at large the various grounds of that demurrer.

The defendants filed special pleas in bar of so much of each count of the indictment as charged that the defendants, *in the act of* violating § 5508, killed and murdered Walker for the purpose of giving effect to the alleged conspiracy. To each special plea the Government filed a demurrer.

The special pleas charged in substance that theretofore, in a named court of Colorado, the defendants were charged with the commission of the same murder as that referred to in the indictment herein; that they were arrested and tried in that court (which had full jurisdiction to try the offense charged) and were duly and regularly acquitted of the above charge.

of murder and discharged from custody. This acquittal was. pleaded as a bar· to so much of the indictment in the present conspiracy case in the Federal court as sought to enforce, notwithstanding the acquittal of the defendants in the state court, the provisions of § 5509 of the Revised Statutes.

The court below overruled the demurrer to the indictment and adjudged each plea in bar to be sufficient. The Government electing to stand by its demurrer to the special pleas, the Circuit Court of the United States, by an order to that effect, discharged the defendants from that part of each count in the indictment which related to the charge of their having murdered Walker, in violation of the laws of the State, in the act of committing the alleged conspiracy in violation of the statute of the United States.

The United States thereupon prosecuted the present writ of error under the act of March 2, 1907, c. 2564, authorizing the United States to prosecute writs of error in criminal cases on certain points. That act is as follows: "That a writ of error may be taken by and on behalf of the United States from the District or Circuit Courts direct to the Supreme Court of the United States in all criminal cases, in the following instances, to wit: From a decision or judgment quashing, setting aside, or sustaining a demurrer· to, any indictment, or any count thereof, where such decision or judgment is based upon the invalidity, or construction of the statute upon which the indictment is founded. From a decision arresting a judgment of conviction for insufficiency of the indictment, where such decision is based upon the invalidity or construction of the statute upon which the indictment is founded. *From the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy.* The writ of error in all such cases shall be taken within thirty days after the decision or judgment has been rendered and shall be diligently prosecuted and shall have precedence over all other cases. Pending the prosecution and determination ·of the writ of error in the foregoing instances, the defendant shall be admitted to bail on his own recogni-

zance: *Provided,* That no writ of error shall be taken by or allowed the United States in any case where there has been a verdict in favor of the defendant." 34 Stat. 1246.

Only that part of the above act of March 2, 1907, is applicable to the present case which authorizes a writ of error by the United States "from the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy." In reviewing that decision may we go beyond the ruling in the court below on the special pleas in bar and consider the various grounds of demurrer to the indictment? That question is answered in the much-considered case of *United States* v. *Keitel,* decided at the present term, 211 U. S. 370, 398. It was there said: "That act, we think, plainly shows that in giving to the United States the right to invoke the authority of this court by direct writ of error in the cases for which it provides, contemplates vesting this court with jurisdiction only to review the particular question decided by the court below for which the statute provides. In other words, that the purpose of the statute was to give the United States the right to seek a review of decisions of the lower court concerning the subjects embraced within the clauses of the statute, and not to open here the whole case. We think this conclusion arises not only because the giving of the exceptional right to review in favor of the United States is limited by the very terms of the statute to authority to reëxamine the particular decisions which the statute embraces, but also because of the whole context, which clearly indicates that the purpose was to confine the right given to a review of the decisions enumerated in the statute, leaving all other questions to be controlled by the general mode of procedure governing the same."

We can then consider, on the present writ of error, only the specific question whether the special pleas in bar were sufficient to exclude inquiry in the Federal court into the facts of the alleged murder of Walker for the purpose of ascertaining the punishment to be inflicted by that court upon the defendants, if it should be found in that court that they had conspired to

injure, oppress, threaten and intimidate the persons named in the indictment in the free exercise and enjoyment of their constitutional rights in violation of the laws of the United States. Previous to the filing of the special pleas the defendants had been legally tried and acquitted in the state court of the charge of having violated the laws of the State in murdering Walker. When, therefore, this case was called for trial in the Federal court and the Government was about to inquire whether the defendants had, in the act of violating the provisions of § 5508, committed the crime of murdering Walker—an offense against the State—the Circuit Court of the United States was confronted with the fact that the defendants had been already acquitted of that charge after a regular trial in the state court.

The question thus presented is within a very narrow compass, and involves an inquiry as to the meaning and scope of § 5509. The conspiracy for which the defendants were indicted was an offense against the laws of the United States. It is none the less so, notwithstanding the requirement in that section as to the punishment to be inflicted upon its appearing that in the act of committing the alleged Federal offense the defendants committed some felony or misdemeanor against the laws of the State. The reference in that section to an offense committed against the State was not for the purpose of restricting or suspending the power of the State to determine whether its laws had been violated and to punish the offender therefor. That reference was for the purpose only of measuring the punishment for the *conspiracy* charged by the United States, upon its being found at the trial in the Federal court that such conspiracy in violation of the Federal statute had been aggravated by the commission of an offense against the State, "an aggravation merely of the substantive offense of conspiracy," not a distinct, separate offense against the United States to be punished by it without reference to the conspiracy charged in the indictment. *Rakes* v. *United States*, 212 U. S. 57; *Davis* v. *United States*, 107 Fed. Rep. 753. Where the commission of a Federal offense is accompanied by an offense committed against the laws of the State,

it is no doubt competent to so measure the punishment for the Federal offense as to make it equal to the punishment prescribed by the State for the crime committed against the State in the act of violating the Federal law. But is § 5509 so worded as to *require* the Federal court, *after* the defendants have been lawfully tried and acquitted as to the identical crime of murder mentioned in the indictment in that court, to enter upon a judicial investigation to ascertain whether the defendants committed the alleged crime against the State of the murder mentioned in that indictment? We think not. The murder in question, if committed at all, was, as a distinct offense, a crime only against the State, and after the defendants were acquitted of that crime by the only tribunal that had jurisdiction of it *as an offense against the State*, it is to be taken that no such crime of murder as charged in the indictment was in fact committed by them. If this be not so, it follows that, notwithstanding the lawful acquittal of the defendants by the only tribunal that could lawfully try them for the alleged offense against the State, the United States may, in this case, in the Circuit Court of the United States, punish them *for the conspiracy charged*, precisely as the state court could have punished them for murder if the defendants had been previously found guilty of that crime in the state court. We do not think that § 5509 is necessarily to be so construed. Nor do we think that Congress intended any such result to occur. Such a result should be avoided if it be possible to do so. We hold that it can be avoided without doing violence to the words of the statute. The language of that section is entirely satisfied and the ends of justice met if the statute is construed as *not* embracing, nor intended to embrace, any felony or misdemeanor against *the State* of which, *prior to the trial in the Federal court of the Federal offense charged*, the defendants had been lawfully acquitted of the alleged state offense by a state court having full jurisdiction in the premises. This interpretation recognizes the power of the State, by its own tribunals, to try offenses against its laws and to acquit or punish the alleged offender, as the facts may justify.

In this connection it has been suggested that the State might, under this interpretation, defeat the full operation of the act of Congress. Not at all. The interpretation we have given to § 5509 will not prevent the trial of the defendants upon the charge of conspiracy and their punishment, if guilty, according to § 5508, namely, by a fine not exceeding five thousand dollars and imprisonment not more than ten years. The only result of the views we have expressed is that in the trial of this case in the Federal court § 5509 cannot be applied, because it has been judicially ascertained and determined by a tribunal of competent jurisdiction—the only one that could finally determine the question—that the defendants did not murder Walker. The Federal court may proceed as indicated in § 5508, without reference to § 5509. The lawful acquittal of the defendants of the charge of murder makes § 5509 inapplicable in the present trial for conspiracy in the Federal court. In other words, the Federal court may proceed—the defendants having been lawfully acquitted in the state court of the crime of murdering Walker—just as if no such crime was committed or alleged to have been committed by them in the act of violating the provisions of § 5508. As a general rule, the Federal courts accept the judgment of the state court as to the meaning and scope of a state enactment, whether civil or criminal. Much more should the Federal court accept the judgment of a state court based upon a verdict of acquittal of a crime *against the State*, whenever, in a case in the Federal court, it becomes material to inquire whether that particular crime against the State was committed by the defendants on trial in the Federal court for an offense against the United States.

It should be said that the record discloses nothing that impeaches the good faith of the state court in its trial of these defendants on the charge of having murdered Walker. There is nothing to show, if that be material, that the trial in the state court was hastened or wrongly conducted in order that it might have effect upon the trial for conspiracy in the Federal court.

Without discussing other aspects of the case referred to by counsel, we hold, for the reasons stated, that the special pleas in bar were properly sustained, and that the judgment as respects those pleas must be affirmed.

*It is so ordered.*