## Ex parte James Fortenberry.

BAIL. *Not in all cases a matter of right.*

Acts 1875, p. 79, § 2, which authorizes the jury in capital cases to declare the penalty shall be imprisonment for life, does not make bail in all cases a matter of right, under § 8, art. 1, Constitution.

APPEAL from the decision of Hon. T. B. Graham, Chancellor of the Eighth District of the State of Mississippi, denying bail.

*Jayne & Buchanan*, for the appellant.

Unless the prisoner is guilty of a capital offence of which the proof is evident or the presumption great, he is entitled to bail as a matter of right. Const. Bill of Rights, § 8 ; *Wray* v. *State*, 30 Miss. 673. By a capital offence, we understand one punishable with death. Bouvier's Law Dictionary, title " Capital crime." Under Code 1871, § 2630, the crime of murder was punishable with death ; hence under that law murder was a capital offence. But under the law of 1875, p. 79, it is left to the discretion of a jury to say what the punishment shall be ; so that even if one be found guilty of murder, the offence may be not capital. As to whether the offence is capital, then, rests wholly in the discretion of a jury. Can murder be declared a capital offence, when, if convicted, the sentence of the law is not death ? Can the presumption be great that it is a capital offence, when it rests in the discretion of a jury to say whether it is or not? Under the present law, it is impossible to bring any case within the constitutional requirement ; and bail must be in all cases a matter of right.

*Cole & Henry*, on the same side.

Who is to determine the grade of the offence charged upon the appellant, and how is it to be determined ? The acts of 1875, p. 79, make this the peculiar province of the jury, as they by their " finding " fix the punishment, and thereby the grade of the offence. If they, the jury, find the defendant guilty, as charged, and omit the punishment, the court passes

the death-penalty. The defendant, then, is found guilty of a capital offence. But suppose, in finding their verdict of guilty, they say that the accused shall be imprisoned for life, can it be said that he was, under the Constitution, guilty of a capital offence? Most assuredly not, for the death-penalty is not inflicted. If, then, the grade of the offence is to be determined only by the jury, can a court, by its *ipse dixit*, deprive a citizen of this right?

In view of the above, we believe the only question before the Chancellor was, and before this court is, as to the amount of bail necessary to secure the appearance of the appellant before the next Circuit Court, regulated, of course, by his ability pecuniarily, and the enormity of the charge.

*George E. Harris*, Attorney-General, for the State, filed a brief, contesting the position of counsel for the appellant.

*J. L. McCaskill*, on the same side.

After two full, fair and thorough investigations, one before a justice of the peace and another before a chancellor, both authorized by law to grant bail, if in their judgment the proof was not evident, nor " the presumption great," the relator comes to this court asking for bail.

Counsel for the relator admit the *corpus delicti*, but claim that their client is entitled to bail, because the legislature (acts of 1875, p. 79) has abolished capital offences in this State as contemplated by the Constitution. That point was settled by this court against them in the oral opinion delivered on the 5th of June, 1874, in the case of *Ex parte Bonnelli*, in which it was held that the statute referred to and relied on by counsel does not change the rule on the subject of bail, reaffirming the doctrine and rule announced in *Street* v. *State*, 43 Miss. 1, and deciding that this court would not be governed by the contingency of what a jury might do; but, if " the proof is evident or the presumption great " that a murder has been committed, bail will be denied.

The legislature clearly did not intend by the act of 1875 to abolish or change the degree of the offence, or to say that there could be no such thing as a capital offence in this State, but simply to change the punishment, when, in the judgment of the jury, the facts and circumstances of the case justify it.

CHALMERS, J., delivered the opinion of the court.

This is an appeal from the judgment of a chancellor denying bail to the relator, who is incarcerated on a charge of murder.

Counsel for the relator insist with great earnestness, that, inasmuch as the giving of bail is a constitutional right by the provisions (§ 8 of art. 1) of the Bill of Rights, " except for capital offences, when the proof is evident or presumption great ; " and inasmuch as by the statutes of the State it is left discretionary with the jury, upon conviction of the highest grade of crimes known to our laws, to inflict death or imprisonment for life at their pleasure, — there are no longer any offences necessarily capital in this State, and that consequently there is a constitutional right to bail in all cases.

It is admitted that an oral opinion to the contrary was announced by this court in *Ex parte Bonnelli*, some years ago ; but it is urged that some more formal expression of our views be given, upon mature consideration. Yielding to the suggestion, we now declare that the view contended for is wholly untenable, as is evident from the letter of the statute, which is in the following words : " That in all cases where any person or persons, upon conviction of crime, shall or may be punishable with death, the jury may, in their discretion, in their verdict declare that the penalty or punishment shall be imprisonment for life ; but if the jury shall omit to so declare the penalty in their verdict, then the court shall pronounce the death-penalty." Acts 1875, p. 79.

It is manifest that offences heretofore capital remain so, under this statute, but with discretion in the jury to award a different penalty. Death is the rule, imprisonment the exception. An indictment, therefore, for a crime heretofore capital must still be regarded as an indictment for a capital offence ; and it does not lose this character until the jury, in the exercise of the discretion vested in them, shall so declare. *Prima facie*, therefore, it must be treated by the courts as a capital indictment, until this discretionary power in the jury has been by them exercised.

If this view needed to be strengthened, much weight should be given to the fact that constitutional and statutory provisions

similar to our own are common to many of the States, but in none of them, so far as we are advised, has it been held that their effect was to make all cases bailable of right.

Upon the facts of the case we make no comment.

Appeals in cases of this character, as in all others in this court, are predicated upon the assumption that there is error in the judgment. Without desiring to be understood as expressing any opinion as to the guilt of the prisoner, we do not feel at liberty, after a careful consideration of the case, to say that the Chancellor erred.          *Judgment affirmed.*