# Ex parte VICKERS.

### Division Two, March 5, 1907.

1. **APPEAL: Rape: Capital Case: Supersedeas.** The offense of rape is not necessarily a capital offense, within the meaning of section 2698, Revised Statutes 1899, which provides that "in capital cases the order granting the appeal shall operate as a stay absolutely."

2. ————: ————: **Sentence of Imprisonment: Supersedeas: Bail: Habeas Corpus.** An appeal from a conviction of rape, where the sentence is imprisonment in the penitentiary, does not operate as a supersedeas. And if a defendant so convicted and sentenced fails to give bail, he will, on *habeas corpus* hearing, be remanded to the penitentiary to abide the decision of his appeal.

## Habeas Corpus.

PETITIONER REMANDED.

*Edwin Silver, Berkheimer & Dawson, R. J. Mc-Nally* and *McKee & Jayne* for petitioner.

Rape is a capital case. 97 Mo. 504. It remains a capital case though the defendant on trial is found guilty and his punishment assessed at imprisonment in the penitentiary only. 100 Mo. 523. It being a capital case, the appeal operates as a stay of judgment and sentence, absolutely, without further order of the court. Sec. 2698, R. S. 1899.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for respondent.

Petitioner does not ask this court to admit him to bail; he makes no offer to give bond and does not allege that the amount of the bond, as fixed and determined by the trial court, is excessive. The sole ground of his complaint is that he was committed to the penitentiary, pending his appeal to this court, instead of being committed to the county jail of Lewis county.

The granting of a stay of execution is a matter resting largely in the discretion of. the trial court, which discretion is governed by the circumstances connected with each case. The gravity of the offense, the certainty of the proof and the conduct of the defendant at, before and after the trial, as well as the condition of the county jail, as to its security, are matters to be considered by the trial court. The only limitation upon its discretion is where a defendant has been convicted of a capital case, i. e., the capital punishment adjudged to be the penalty to be inflicted upon him. R. S. 1899, secs. 2698-2701. Otherwise, the Legislature did not intend for a defendant to remain away from the penitentiary, after conviction, unless he gave bond, or unless the trial court made an order staying execution of the sentence. In re Bauer, 112 Mo. 231; Ex parte McAnally, 97 S. W. 921.

GANTT, J.—The petitioner, charged and con-convicted of rape in the circuit court of Lewis county and sentenced to the penitentiary for fifty years, was by the court permitted bail pending his appeal, but being either unable or unwilling to give bail for supersedeas, moved the circuit court to supersede the judgment pending his appeal and permit him to remain in jail in Lewis county, which request the circuit court denied. He has filed his petition in this court for a writ of *habeas corpus,* and seeks hereby to obtain an order remanding him to the Lewis county jail until his appeal is determined. He does not ask to be bailed. His contention is that by virtue of section 2698, Revised Statutes 1899, his appeal from the circuit court operated as a stay pending his appeal, and the circuit court had no discretion to deny him the supersedeas and therefore he is entitled to an order returning him to the Lewis county jail. The insistence of the petitioner is based upon the proposition that rape under our statute (sec. 1837, R. S. 1899), is a capital offense and by section 2698, Revised Statutes 1899, it is provided that "in cap-

ital cases the order granting the appeal shall operate as such stay absolutely.'' In other felonies it is provided that an appeal or writ of error shall not stay or delay execution of the judgment or sentence, unless the Supreme Court or the court in which the judgment is rendered, on inspection of the record, shall be of the opinion that there is probable cause for such an appeal or writ of error and shall make an order directing that the appeal or writ of error shall operate as a stay of proceedings on the judgment, pending the appeal. That rape is a capital offense in the sense that it may be punishable by death and therefore certain consequences result which are applicable to offenses punishable only by death, may be conceded, but it is obvious that when under the statute like section 1837 the punishment is in the alternative and imprisonment in the penitentiary may be imposed instead of the death penalty, it does not follow that the words ''capital cases'' in section 2698 include or refer to offenses for which the punishment is not death, but imprisonment in the penitentiary. A fundamental rule of construction is that the courts should seek to effectuate the intent of the Legislature. The signification of many words is affected by the context in which they are found. Primarily a capital case meant one punishable by death, and we think this was the sense in which the Legislature meant it should be understood when applied to appeals. It was the purpose that when an appeal was taken from a death sentence it should operate as a stay of itself. If it was the intention that it should apply where the sentence was merely to the penitentiary, then it was utterly out of harmony with the other portions of the section. This clause appears for the first time in the general revision of 1889, and we think it was the purpose of the Legislature in this amendment to use the words ''capital cases'' in their primary sense, and that when an appeal or writ of error was sued out in a case

where the sentence was death, the order granting the appeal should, without further steps, operate as a stay of the sentence until it was affirmed in this court, but it was not the purpose of the Legislature to stay sentences, merely by granting an appeal, in cases in which the sentence was not capital, but was imprisonment in the penitentiary. The prisoner is ordered remanded to the custody of the warden to abide the decision of his appeal.

*Fox, P. J.,* and *Burgess, J.,* concur.