Ex Parte WALTER DIPLEY, Petitioner.

Division Two, March 7, 1911.

1. **CAPITAL OFFENSE: Appeal: Stay of Execution.** An appeal from a judgment adjudging defendant guilty of murder in the first degree and assessing his punishment at imprisonment in the penitentiary for life, does not of itself operate as a stay of execution, and does not preclude the sheriff from delivering the defendant to the warden of the penitentiary, and does not entitle defendant to remain in jail until his appeal is determined.

2. ————: ————: **Statute: No Order Finding Probable Cause.** The statute (Sec. 5294, R. S. 1909), providing that no appeal shall stay execution, "except in capital cases," unless the proper court or judge "shall be of the opinion that there is probable cause for such an appeal" and "shall make an order expressly directing that such appeal shall operate as a stay of proceedings on the judgment; but in capital cases the order granting the appeal shall operate as such stay absolutely," does not mean

that defendant who has been indicted and convicted of murder in the first degree and his punishment fixed at life imprisonment, cannot be confined in the penitentiary during the pendency of the appeal. The words "in capital cases" mean cases in which the punishment has been fixed at death; and the statute means that in all cases of appeal from judgments of conviction included within the provisions of that statute, by which the death penalty has not been assessed, and in which the convict is either not entitled to bail, or being so entitled has not been admitted to bail, the execution of the judgment is not to be stayed or delayed, except upon an order based upon a finding of probable cause.

## Habeas Corpus.

PRISONER REMANDED.

*Geo. R. Clay* for petitioner.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

KENNISH, P. J.—This is an application for a writ of *habeas corpus* by Walter Dipley, petitioner. It appears from the facts stated in the petition in the case that the petitioner on the —— day of January, 1911, in the circuit court of Webster county, at the January term, 1911, thereof, upon an information theretofore filed in said court, was tried and convicted of the crime of murder in the first degree and his punishment assessed at imprisonment in the penitentiary for the period of his natural life. Judgment was pronounced and sentence passed in accordance with the verdict, and the petitioner, in due form, appealed to this court. It further appears that the sheriff of said county procured from the clerk of said court a duly certified copy of the said sentence and judgment, and by virtue of the authority thereof transported the petitioner to the penitentiary of this State and delivered him into the care and custody of Henry Andrae, the warden thereof, who now has the peti-

tioner in his custody, confined within the walls of the penitentiary, and that he is now so confined and restrained of his liberty.  The prayer of the petition is that a writ of *habeas corpus* be issued and that the petioner may be discharged from such unlawful imprisonment.

It does not appear that this court, or a judge thereof, or the said circuit court of Webster county, in which the judgment was rendered, or the judge of said court, made an order expressly directing that such appeal should operate as a stay of the proceedings on the judgment so pronounced against the petitioner.

Duly certified copies of the information, sentence and judgment, and order granting the appeal in said cause, are attached to the petition.

The petitioner waived the production of his body in court, and the warden waived the issuance of a writ and filed his return to the petition herein.

It is alleged in the return of the warden that the said Walter Dipley is now in his custody and imprisoned in the penitentiary of the State of Missouri, at the City of Jefferson, in the county of Cole, under a judgment and sentence and order of the circuit court of Webster county, Missouri, copies whereof are attached to the application for the writ in this case.

The return admits the truth of the facts stated in the application of the petitioner, and prays the judgment of the court thereon.

Suggestions by the Attorney-General, accompanying the return of the warden, are on file, but no brief has been filed on behalf of the petitioner.

We gather from the pleadings and suggestions that the petitioner bases his right to be discharged from his present confinement in the penitentiary on the ground that having been convicted of murder in the first degree, the order granting an appeal from the judgment, as a matter of law, operated as a stay of

execution and that, therefore, he was entitled to remain in the county jail pending his appeal.

Section 5294 of the Revised Statutes of 1909, covering this subject, is as follows: "No such appeal or writ shall stay or delay the execution of such judgment or sentence, except in capital cases, unless the Supreme Court, or a judge thereof, or the court in which the judgment was rendered, or the judge of such court, on inspection of the record, shall be of opinion that there is probable cause for such an appeal or writ of error, or so much doubt as to render it expedient to take the judgment of the Supreme Court thereon, and shall make an order expressly directing that such appeal or writ of error shall operate as a stay of proceedings on the judgment; but in capital cases the order granting the appeal shall operate as such stay absolutely."

Prior to the year 1889 no exception was found in the foregoing statute, and, as it then existed, unless upon an order of probable cause, as therein provided, an appeal did not operate in any case as a stay of execution of the judgment. In that year the law was amended so that capital cases were excepted, and it was then provided by such amendment that the order granting the appeal in capital cases should operate to stay the execution of the judgment, and so the law has remained.

There is no question involved in this case as to the right of the petitioner to be admitted to bail pending his appeal. The sole question is whether, in the absence of an order finding probable cause for an appeal and directing that the appeal shall operate as a stay of proceedings upon the judgment, the order of the court granting petitioner's appeal, of its own force, had the effect of staying the enforcement of the judgment.

From this brief statement it is apparent that the decision of the question presented depends upon

whether the petitioner's appeal was from a judgment and sentence in a "capital case." If it was, then by the express terms of the statute the appeal stayed the execution of the judgment and the petitioner is entitled to be discharged from his present imprisonment; otherwise, he should be remanded to the custody of the warden.

The petitioner contends that the words "capital cases," as found in the section of the statutes under consideration, mean and include all cases in which the conviction was under an indictment or information which charged a capital crime, whether the punishment assessed be capital or not. The other construction is that the words "capital cases," as so used, refer to the status of the convict when the appeal is taken and, therefore, mean only cases in which the sentence and judgment imposes capital punishment.

It is the settled law in this State that an offense in which the punishment may be death is a capital crime, and, under the first construction, in every conviction of murder or manslaughter in any degree, upon a charge of murder in the first degree, or in any conviction upon a charge of treason, rape, train robbery or other capital offense, regardless of whether the punishment assessed be capital or imprisonment in the penitentiary or county jail, the case would fall within the meaning of the words "capital cases" and, in all such cases, in the absence of an order of probable cause for an appeal and staying execution, the convict would be entitled, by virtue of an appeal and as a matter of law, to remain in the county jail until his appeal was disposed of. This has not been the construction placed upon this statute by the judiciary of this State in the enforcement of the criminal law, nor do we think such a construction was intended by the Legislature.

This question has been considered in the recent cases of Ex Parte Vickers, 201 Mo. 643, and Ex Parte

Heath, 227 Mo. 393. In the former, the petitioner was convicted of rape and his punishment assessed at fifty years in the penitentiary. He applied for a *supersedeas* of the judgment in the trial court, which was denied. He was then conveyed to the penitentiary in accordance with the judgment and sentence, and filed his petition in this court for a writ of *habeas corpus,* basing his right to a discharge upon the same ground as in the petition in this cause. The court in that case held that the words, "in capital cases," were used in their primary sense and meant cases where the sentence was death.

In the Heath Case, supra, it is disclosed by the facts that the petitioner had been convicted of murder in the first degree and sentenced to imprisonment in the penitentiary for life. He appealed from the judgment and applied in the trial court for a *supersedeas* staying the execution of the judgment pending his appeal. The application was denied and he then applied for the same relief in this court and, upon a consideration thereof, his application was sustained and the judgment was superseded pending the appeal.

The petitioner contends that under the law as declared in the Heath Case, his conviction was of a capital offense and that, therefore, his appeal operated as a stay of execution of the judgment. That case was an application for a writ of *habeas corpus,* for the purpose of having the petitioner admitted to bail, and the question now before this court was not directly involved. The fact that this court had granted a *supersedeas* in that case conclusively shows that the court did not regard the appeal as taken in a capital case within the meaning of said section 5294; otherwise the appeal itself would have stayed the judgment and this court would have held an order of court for that purpose unnecessary. The fact that this court remanded the petitioner to the custody of the sheriff of Lawrence county is of no significance for the reason that this

court had previously, as authorized upon a showing of probable cause, made an order staying execution of the judgment pending the appeal and, therefore, the petitioner was properly in the custody of the sheriff instead of the warden of the penitentiary.

For the reasons given, we hold that in all cases of appeal from a judgment of conviction included within the provisions of said section 5294, for which the death penalty has not been assessed and in which the convict is either not entitled to bail or, being so entitled, has not been admitted to bail, the execution of the judgment shall not be stayed or delayed, unless upon an order based upon a finding of probable cause, as provided in said section 5294.

Entertaining the foregoing views, we hold that the petitioner is not entitled to his discharge, and he is remanded to the custody of the warden of the penitentiary of this State to abide the judgment of this court on the pending appeal.

*Ferriss* and *Brown, JJ.*, concur.