THE STATE, RESPONDENT, v. ANTONIO BARONE, DEFENDANT.

Argued June 7, 1921—Decided August 23, 1921.

The defendant was convicted of murder of the first degree with a recommendation that the punishment be imprisonment for life, and thereupon caused a writ of error to be issued removing the record to an appellate court for review. The defendant then applied to the Court of Oyer and Terminer, in which he was convicted, to be admitted to bail during the appeal. The trial court refused this application and he obtained a writ of *certiorari* to review this action. *Held,* that as the charge against the defendant was a capital offence, it continued to be such until the final disposition of the cause on appeal, and that section 143 of the Criminal Procedure act requiring the court in which the judgment had been rendered to admit defendant to bail pending the prosecution of writ of error, is not available to the defendant because the act provides that this section "shall not apply to capital cases." *Query.* Is *certiorari* the proper remedy in such case?

---

On *certiorari.*

Before Justices TRENCHARD, BERGEN and MINTURN.

For the defendant, *J. Victor D'Aloia* and *Alexander Simpson.*

For the state, *J. Henry Harrison.*

The opinion of the court was delivered by

BERGEN, J. This *certiorari* was allowed to review the action of the Court of Oyer and Terminer of the county of Essex

in refusing to admit the prosecutor to bail pending the hearing by the Court of Errors and Appeals of a writ of error taken out by him to review a judgment of his conviction of the crime of murder in the first degree.

The facts are that the defendant was convicted of murder in the first degree by a jury which recommended as a part of its verdict that the punishment of the defendant should be life imprisonment. Whereupon the defendant caused a writ of error to be issued removing the record of his conviction from the Court of Oyer and Terminer to the Court of Errors and Appeals for the purpose of reviewing the judgment based on the verdict. While this writ of error was pending defendant made an application under section 143 of the Criminal Procedure act to the Court of Oyer and Terminer where he was convicted, to be admitted to 'bail, which the court denied on the ground that the offence charged was a capital one, the statute relied upon containing this proviso, "this section shall not apply to capital cases." Without passing upon the question whether the action of the trial court in refusing to admit defendant to bail can be properly reviewed by a writ of certiorari rather than by an application for mandamus, or proceeding by a writ of habeas corpus, as in State v. Rockafellow, 6 N. J. L. 332, we think this writ should be dismissed, because we agree with the Court of Oyer and Terminer that it was not authorized by the statute referred to to admit the defendant to bail pending his writ of error.

Assuming, as the defendant argues, that a capital case is one in which the only punishment is death, we have then this situation, viz., the defendant is held under an indictment which charges a capital offence and the judgment against him does not require the taking of his life but that he be immediately imprisoned for life. Notwithstanding this condition, the defendant caused a writ of error to issue for the purpose of reversing that judgment, and he will, if successful, still remain charged with a capital offence, and a jury on the second trial might withhold any recommendation relating to the punishment to be inflicted if they should convict him of murder in the first degree. In our opinion, in a case where

the indictment charges the defendant with murder, it remains a capital one until the cause is finally disposed of, and is not within the mandatory clause of the section referred to, because the crime charged is a capital one, and its character is not changed by bringing a writ of error.

The writ should be dismissed.