IN THE MATTER OF THE APPLICATION OF ANTONIO BARONNE, PLAINTIFF IN ERROR, FOR BAIL.

Submitted December 5, 1921—Decided April 28, 1922.

1. As the crime of murder in the first degree is punishable with death, by our statute, it follows that a person convicted of that crime is subject to the imposition of the death penalty, unless the jury recommend life imprisonment as the punishment to be inflicted. But notwithstanding the imposition of the milder punishment, the conviction in its very nature remains a conviction of a capital crime and falls within the class of cases under the statute (*Comp. Stat., p.* 1867. § 143) in which bail shall not be taken pending an appeal.

2. As the duty of the court in which judgment was rendered to take bail, pending the prosecution of a writ of error, is clearly fixed by the statute. the proper writ to enforce the performance of such duty is by a writ of *mandamus* and not *certiorari.*

On error to the Supreme Court denying bail pending appeal of plaintiff in error, whose opinion is reported in 96 *N. J. L.* 374.

For the plaintiff in error, *J. Victor D'Aloia* and *Alexander Simpson.*

For the state. *J. Henry Harrison,* prosecutor of the pleas.

The opinion of the court was delivered by

KALISCH, J. The facts which are fully set forth in the opinion of the Supreme Court present the legal question whether one, who has been convicted by a jury of murder in the first degree, with a recommendation of life imprisonment, which conviction, under the statute, entails a judgment of imprisonment at hard labor in the state prison for life, is entitled to be released on bail pending the prosecution of a writ of error to such judgment, by virtue of section 143 of the Criminal Procedure act (2 *Comp. Stat., p.* 1867), which

section provides: "Pending the prosecution of a writ of error, the court in which such judgment shall have been rendered shall admit the defendant to bail, when application is made for the same and proper and sufficient bail is offered; provided, that this section shall not apply to capital cases."

The Supreme Court decided that the plaintiff in error, who was convicted of murder in the first degree, with a recommendation of life imprisonment, and who thereupon was sentenced to life imprisonment and is prosecuting a writ of error to reverse the judgment and conviction, was excluded from the privilege of giving bail because he was convicted of a capital offence. We concur in this result. For it is quite apparent that the prosecution of a writ of error in such a case cannot properly transform the nature of the conviction—that is, from a conviction of a capital offence into one not capital, merely, because a death penalty was not imposed, but only a judgment of imprisonment for life. As the crime of murder in the first degree is punishable with death, by our statute, it follows that a person convicted of that degree is subject to the imposition of the death penalty, unless the jury recommends life imprisonment as the punishment to be inflicted, as was done in this case. But, notwithstanding the imposition of the milder punishment, it is quite clear that the conviction in its very nature remains a conviction of a capital crime and falls within that class of cases, under the statute, in which bail shall not be taken pending an appeal.

We now approach the consideration of a subsidiary question relating to the propriety of the procedure taken in the present case.

It appears that application for bail was made to the court in which the conviction was had and judgment was rendered. as directed by the statute in cases where bail is applied for, pending the prosecution of a writ of error. Bail was refused. The order of such refusal was *certioraried* to the Supreme Court for review. We think that the order was not reviewable by writ of *certiorari*.

It is to be observed that the statute in mandatory terms directs the court in which judgment was rendered to take bail pending a writ of error, except in capital cases, and it is therefore plain, in view of the well-known functions of a writ of *certiorari,* that it cannot deal effectually with the situation presented.

As the duty of the court in which judgment was rendered to take bail, pending the prosecution of the writ of error, is clearly fixed by the statute, the proper writ to enforce the performance of such duty is by a writ of *mandamus.*

The suggestion that a writ of *habeas corpus* might be a proper proceeding lacks legal force. Prior to the statute of 1881, under discussion, bail was not permissible after judgment given on a conviction in a criminal case. During the pendency of the appeal by writ of error the convicted person remained in confinement, under the judgment pronounced upon him. The right to bail after conviction and judgment being purely statutory, the procedure pointed out by the statute is controlling. Moreover, paragraph 2 of section 2 of the *Habeas Corpus* act (2 *Comp. Stat., p.* 2640)· denies to persons committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction to sue out a writ of *habeas corpus.*

The reasons given lead to the result that the appeal should be dismissed.