2. Where there is a verdict of murder in the first degree, a capital offense, a recommendation to mercy and a sentence to life imprisonment under the statute, do not change the degree of the offense found by the verdict.

3. In applications for bail the effect of a verdict of guilty of murder in the first degree should be considered in weighing the probative force of the evidence.

4. An examination of the evidence, considered in the light of the verdict and its effect on opposing evidence, at least indicates that "the proof is evident," of a capital offense committed by the defendant, as charged in the indictment and found by the jury, therefore under the law bail is not allowed after conviction, even though the sentence is not death but life imprisonment.

A case of Original Jurisdiction.

Bail denied.

*John B. Singletary, Dewey A. Dye, Thomas Palmer* and *W. B. Dickenson* for Petitioner; *Rivers Buford, Attorney General,* and *J. B. Gaines, Assistant,* Contra.

16—Vol. 89.

WHITFIELD, J.—The petitioner having been convicted for murder in the first degree with a recommendation to mercy, and sentenced to life imprisonment, brings *habeas corpus* for release on bail pending the event of a writ of error taken by him to the judgment of conviction.

Sections 6151 and 6153, Revised General Statutes of 1920, and Section 9, Declaration of Rights of the State Constitution, are as follows:

"In no case, whether capital or not, shall a writ of error be a supersedeas to the execution of the judgment, sentence or order complained of, except upon payment by the plaintiff in error of all costs which have accrued in the case up to that time, and upon his entering into bond with two or more sufficient sureties according to law, in a sum sufficient to secure the payment of such judgment, fine and future costs, as may be adjudged and affirmed in the appellate court, and conditioned that the plaintiff in error shall be personally forthcoming to answer and abide the final order, sentence or judgment which may be passed in the premises by the appellate court, and that in case the cause is remanded, that the plaintiff in error shall personally be and appear at the next term of the court in which the case was originally determined, thereafter to be held to answer in the premises and not to depart from the court without leave thereof. But in cases where capital punishment is by the sentence of the court ordered to be inflicted the person of the defendant shall be the only security required for his forthcoming answer as aforesaid." Sec. 6151 Rev. Gen. Stats. 1920.

"If the party applying for a writ of error shall at the time be in custody under sentence of conviction, the allowance of such writ of error and the obtaining of such supersedeas shall not discharge him from custody except by order of the court below or of a judge of the appellate court,

which order shall be made only in cases bailable according to the course of the common law or by the statutes of the State.'' Sec. 6153, Rev. Gen. Stats. 1920.

''All persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident or the presumption great.'' Sec. 9 Declaration of Rights.

These organic and statutory provisions, considered together, in effect provide that where, upon conviction, the sentence is capital punishment, the defendant shall not be discharged from custody even upon bail and where the conviction is of a capital offence though the sentence is not to capital punishment, the defendant cannot be allowed bail, ''where the proof is evident or the presumption great,'' that a capital offence was committed by the defendant.

In this case the conviction is for murder in the first degree, which is a ''capital offence,'' and the punishment is death unless the jury recommend mercy. Secs. 5035, 6096, Rev. Gen. Stats. 1920. The jury did recommend mercy, and the punishment imposed under the statute is life imprisonment; but the degree of the offence found by the verdict is not changed by the nature of the punishment imposed. Mann v. State, 23 Fla. 610, 3 South. Rep. 207.

In applications for bail the effect of the verdict of guilty of murder in the first degree should be considered in weighing the probative force of the evidence. An examination of the evidence, considered in the light of the verdict and its effect on opposing evidence, at least indicates that ''the proof is evident,'' of a capital offence committed by the defendant, as charged in the indictment and found by the jury, therefore under the law bail is not allowed after conviction, even though the sentence is not death but life imprisonment.

This application for bail does not affect the review of the whole record of the trial that may be had on writ of error, when the court will have more latitude to adjudicate questions presented on the merits of the case.

In Coker v. State, 83 Fla. 672, 93 South. Rep. 176, there had been a conviction for rape for which the punishment was either death or life imprisonment in the discretion of the trial court (Sec. 5051, Rev. Gen. Stats. 1920), and life imprisonment was imposed upon a verdict of guilty with a recommendation to mercy. Sec. 6095 Rev. Gen. Stats. 1920. Bail was allowed by a member of this court because the sentence was life imprisonment and because it was considered that the proof was not evident nor the presumption great that the defendant was guilty of a ''capital offense.'' The judgment of conviction was reversed upon the transcript of the evidence as contained in the record. Coker v. State, *supra*.

Bail denied.

WEST, C. J., AND ELLIS, TERRELL AND STRUM, J. J., concur.