[No. 23885. · Department One. October 25, 1932.]

THE STATE OF WASHINGTON, *Respondent*, v. JACK SEIBERT, *Defendant*, ELMER BERTULA *et al.*, *Appellants*.[1]

*O. M. Nelson,* for appellants.
*Harold P. Troy* and *Smith Troy,* for respondent.

MITCHELL, J.—Upon filing in the superior court of Thurston county an information charging Jack Seibert with a minor offense, bail was fixed at five hundred dollars. He furnished a bond in that amount with private sureties, which was duly approved and filed January 15, 1932. He was a non-resident of the county.

The prosecuting attorney attempted to arrange, and supposed he had arranged, by telephone conversation with Mr. O. M. Nelson, thought at that time to be the

[1] Reported in 15 P. (2d) 281.

defendant's attorney and who later appeared in the
case as such, to have the arraignment and trial at the
same time during the first succeeding jury term. The
case was assigned to be tried February 3, 1932, which,
on application of the prosecuting attorney, was re-as-
signed for trial February 23, 1932. The defendant not
appearing at that time, the prosecuting attorney pro-
cured in open court an entry in the minutes to that ef-
fect.

On that date, February 23, 1932, an amended in-
formation against the defendant was filed, covering,
among others, the crime set out in the original in-
formation. The defendant, being brought into court,
was arraigned on the amended information on Febru-
ary 27, 1932, and, as the record shows:

''Defendant's bond fixed at five hundred dollars.
With the understanding that the defendant would not
be released from the custody of the sheriff until the
matter of the forfeiture of his former bond, now pend-
ing in this court, is disposed of.''

The court ordered that a new bond be filed in the
sum of five hundred dollars, which was promptly given
on that day and approved by the trial judge.

In the meantime, an order was entered on February
26, 1932, directing the bondsmen in the first bond to
show cause on March 14, 1932, why the bond should not
be forfeited. The hearing was continued on the show
cause order to March 21, 1932, at which time all the
parties appeared; and upon a hearing, the court de-
clared the bond of January 15, 1932, forfeited. The de-
fendant and his bondsmen have appealed.

There is some controversy in the record rel-
ative to a misunderstanding concerning the fixing of
the date for the trial of the defendant, at which he
did not appear. That controversy, in our opinion, is
not very important now. The theory or policy of our

statute is to encourage the giving of bail in proper cases. We so declared in *State v. Johnson,* 69 Wash. 612, 126 Pac. 56. And in *State v. Jackschitz,* 76 Wash. 253, 136 Pac. 132, we approved the statement in the case of *United States v. Feely,* 1 Brock. (U. S.) 255-259, that:

"The object of a recognizance is, not to enrich the treasury, but to combine the administration of criminal justice with the convenience of a person accused, but not proved to be guilty."

In the present case, while proceedings to forfeit the bond were pending, and prior to the date fixed for the hearing of the application for forfeiture, the defendant was arraigned on an amended information, and at that time required to give a new bond in the same sum of five hundred dollars. Such a bond with sureties, approved by the trial judge, was promptly executed and filed on that same day. Under the circumstances, the order of the court thereafter declaring a forfeiture of the first bond against the defendant and his sureties, was not warranted, in our opinion, and constitutes reversible error.

The record shows that, at the close of the hearing, something was said about expenses the county had sustained because the defendant failed to appear for trial of the criminal case against him. However, no such issue was presented, nor any testimony introduced upon that subject. We, of course, express no opinion concerning such an issue. The only question presented was the forfeiture of the bond.

Reversed.

TOLMAN, C. J., PARKER, and MILLARD, JJ., concur.

HOLCOMB, J. (dissenting)—Bail is given by an accused for the purpose of avoiding detention in actual custody, and also to guarantee his attendance in the

court where he is being prosecuted whenever required. Of all the dates mentioned in the prevailing opinion, after the approval of the bond on January 15, 1932, the accused person was notified, or his then and present attorney was advised. The witnesses for the state and a large number of jurors were necessarily detained from Friday afternoon, February 19, until Tuesday, February 23, because of a Sunday and a holiday intervening, for the trial of the case, at considerable expense.

In my opinion, the judgment forfeiting the bail should be affirmed, or, at most, conceding that the trial court abused its discretion, the judgment should be modified so that the county could introduce evidence as to the expenses it had borne because of the failure of the defendant to appear for trial on February 23, 1932.

For the foregoing reasons, I dissent from the decision of the majority.