[No. 27464.   Department One.   March 21, 1939.]

*In the Matter of the Application of* K. W. BERRY *for a Writ of Habeas Corpus.*[1]

[1]Reported in 88 P. (2d) 427.

C. D. *Cunningam* and *Lloyd Dysart*, for petitioner.
*Smith Troy* and *John S. Lynch, Jr.*, for respondent.
*The Attorney General* and *John E. Belcher, Assistant.*

STEINERT, J.—This is a *habeas corpus* proceeding, in which, on petition filed in this court, an order was made directing the sheriff of Thurston county to show cause why petitioner should not be admitted to bail pending his appeal from a judgment of conviction and sentence in the superior court upon a charge of kidnaping.

In an information previously filed in the superior court, petitioner had been charged with the crimes of kidnaping in the first degree and assault in the first degree. He pleaded not guilty as to each count. Trial by jury was had, and a verdict was returned finding him guilty upon both. At the same time, pursuant to the provisions of the kidnaping statute, Rem. Rev. Stat. (Sup.), § 2410-1 [P. C. § 8941-1] (Laws of 1933, Ex. Ses., p. 8, § 1), the jury returned a special verdict, in which it found that the death penalty should not be inflicted.

Motions in arrest of judgment and for a new trial having been denied, the superior court entered judgment of conviction sentencing petitioner to the penitentiary for the remainder of his natural life for the crime of kidnaping as charged, and also for a term of twenty years in the penitentiary for the crime of assault as charged. Petitioner thereupon gave due notice of appeal to this court, and subsequently filed in the superior court a motion to have the trial court fix his bail on appeal. The motion was denied. Petitioner then brought this proceeding, in which the only

matter involved relates to the right of bail after conviction and sentence for kidnaping; we are not now concerned with the sentence for assault.

The question before us is whether or not, under the facts presented and the law of this state, petitioner is entitled to bail.

■■ Article I, § 20, of the constitution of the state of Washington provides:

"All persons charged with crime shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident, or the presumption great."

The term "capital offense," as used in the constitution, means an offense for which a sentence of death *may be* imposed. *State v. Johnston,* 83 Wash. 1, 144 Pac. 944. The test to be applied in determining whether an offense is a capital one, within the meaning of the constitution or a statute, is not whether the death penalty must necessarily be imposed, but whether it may be imposed. *FitzPatrick v. United States,* 178 U. S. 304, 44 L. Ed. 1078, 20 S. Ct. 944; *Ex parte Dusenberry,* 97 Mo. 504, 11 S. W. 217; *Ex parte Herndon,* 18 Okla. Crim. 68, 192 Pac. 820, 19 A. L. R. 804; *State v. Dabon,* 162 La. 1075, 111 So. 461; 8 C. J. S. 54, § 34; 6 Am. Jur. 57, § 20.

The crime of kidnaping in the first degree is punishable either by death or by life imprisonment in the state penitentiary. Rem. Rev. Stat. (Sup.), § 2410-1 (1). It is therefore a capital offense.

If petitioner, upon being charged with the crime of kidnaping in the first degree, had, before trial, sought bail, the only question, under the provisions of the constitution, would have been whether or not the proof of guilt was evident or the presumption thereof was great; for even capital offenses are bailable unless the qualifying conditions are present. But here, we have a different situation. Petitioner has not

only been charged with a capital offense, but has been convicted thereof. The matter must, therefore, be viewed in the light of those circumstances.

The constitutions of many, if not most, of the states, contain provisions practically identical with those contained in Art. I, § 20, of our constitution, and it has been uniformly held that such provisions do not confer a right to bail after conviction or pending an appeal. 6 Am. Jur. 60, 61, §§ 27, 28. For collation of cases, see 19 A. L. R. 807, Annotation to *Ex parte Herndon,* 18 Okla. Crim. 68, 192 Pac. 820, 19 A. L. R. 804. See, also, *In re Halsey,* 124 Ohio St. 318, 178 N. E. 271, 77 A. L. R. 1232.

While the major principle declared by the authorities is that the constitution does not guarantee the right to bail pending an appeal from conviction, they also indicate that the matter of bail under such circumstances rests in the discretion of the court unless otherwise determined by statute. We are in accord with that view, and are of the opinion that the constitution neither confers the right to bail nor prohibits its allowance, pending an appeal from conviction.

We look, then, to the statute upon the subject. In passing, we take note of Rem. Rev. Stat., § 2310 [P. C. § 9141], which provides:

"Every person *charged* with an offense, except that of murder in the first degree, where the proof is evident or the presumption great, may be bailed by sufficient sureties, . . ." (Italics ours.)

That statute is not applicable here for the same reason that the constitutional provision is not. It applies only to persons who have been charged with crime but who have not yet been convicted.

Rem. Rev. Stat., § 1747 [P. C. § 7331], so far as it is material here, reads as follows:

"In all criminal actions, except *capital cases* in which the proof of guilt is clear or the presumption great, upon an appeal being taken from a judgment of conviction, the court in which the judgment was rendered, or a judge thereof, must, by an order entered in the journal or filed with the clerk, fix and determine the amount of bail to be required of the appellant; . . ." (Italics ours.)

Petitioner contends that, under that statute, he is entitled to have his bail fixed and determined as a matter of right. His contention is grounded upon his interpretation of the words "capital cases," used in the statute, as distinguished from the words "capital offenses," used in the constitution. His argument is that, inasmuch as Rem. Rev. Stat., § 1747, is an appeal statute, the term "capital cases" has reference to criminal cases that have been determined in the lower court and judgment and sentence pronounced; that, in determining whether an accused person is entitled to bail before trial, under the provisions of the constitution, the court must look to the information or indictment and to the statute defining the offense, but that, after trial and upon conviction, the offense charged in the information or indictment is merged in the judgment, and the court must then look only to the judgment and sentence to determine whether the *case* is capital or otherwise; and that, if the judgment and sentence prescribe anything less than the death penalty, the case is not a "capital case."

The argument possesses logic, and we recognize its force. We also find that it has sustaining authority. The cases cited by petitioner to support his position are the following: *Ex parte McCrary,* 22 Ala. 65; *Ex parte Fortenberry,* 53 Miss. 428; *Ex parte Vickers,* 201 Mo. 643, 100 S. W. 585; *Ex parte Dipley,* 233 Mo. 235, 135 S. W. 56; *Walker v. State,* 137 Ark. 402, 209 S. W.

86, 3 A. L. R. 968; *Outler v. State*, 154 Ark. 598, 243 S. W. 851.

In the *McCrary* case, *supra*, defendant, indicted for murder, applied for bail and was refused. The penal code of the state of Alabama gave

" . . . to the juries the power of saying, in cases of murder in the first degree, whether the accused shall suffer death, or go to the penitentiary for life."

On application to the supreme court for writs of *habeas corpus* and certiorari, the court denied the application, but in its opinion stated that murder in the first degree might, or might not, be a capital offense, according as the jury should decide, and that *until the accused was tried*, the offense, in law and in the eye of the constitution, remained a capital offense.

While that declaration may have been the view of the court as to what the law was in cases involving bail after conviction, the statement was unnecessary to the decision, because, in fact, there had been no trial and the accused was in no event entitled to bail upon the offense charged.

In the *Fortenberry* case, *supra*, the relator, who was incarcerated in jail on a charge of murder, sought bail pending the trial. From an adverse judgment, he appealed. The judgment was affirmed, but in its opinion the supreme court of Mississippi stated that the indictment retained the character of a charge for a capital offense *until the jury should declare otherwise*. Again, it will be noted that any suggestion by the court of the effect of the verdict on the character of the offense was unnecessary to the decision.

In the *Vickers* case, *supra*, the accused was charged with rape, which under the statute, was a capital offense carrying alternative punishment. He was given a sentence of fifty years in the penitentiary. In his

application for a writ of *habeas corpus,* he sought a stay pending appeal. His contention was that, having been convicted of a capital offense, the appeal operated as an absolute stay, under the provisions of the statute governing capital cases. The supreme court of Missouri held that the statute did not apply in cases in which the *sentence* was not capital, but only imprisonment in the penitentiary. The case may be accepted as authority for petitioner in the case at bar, although it may be noted that the Missouri case did not involve a question of bail at all, but only a stay of judgment or execution.

The case of *Ex parte Dipley, supra,* presented to the Missouri court the same legal question as was presented in the *Vickers* case, *supra,* and upon the authority of the earlier case the same conclusion was reached. Although it supports the petitioner herein, it was not a bail case.

The case of *Walker v. State, supra,* is direct authority for petitioner's contention. Walker was indicted for the crime of murder in the first degree, and on the trial of the case was convicted of that offense, but the verdict of the jury fixed the punishment at imprisonment in the state penitentiary for life. The trial court refused to fix bail pending his appeal. The statute of Arkansas provided that, in a criminal case on appeal to the supreme court, the defendant " 'shall be permitted to give bail pending the appeal . . . in all cases, except in appeals from a conviction of a capital offense'." On certiorari, the supreme court of Arkansas reversed the order of the trial court and admitted the appellant to bail. In its opinion, the court said:

"What the lawmakers intended by this statute was to allow bail in all cases *except where capital punishment was imposed by the judgment appealed from.* The statute deals solely with the question of appeals

and measures the right of appellant to bail according to the severity of the punishment imposed under the judgment of conviction, and not by the gravity of the original charge in the indictment." (Italics ours.)

It may readily be conceded that our statute affords ground, at least equal to that of the Arkansas statute, for admitting one to bail pending appeal from conviction of a capital offense.

However, in that case, there was a strong dissent, in which the author said:

"The majority say that 'what the lawmakers intended by this statute was to allow bail in all cases except where capital punishment was imposed by the judgment appealed from.' Possibly so, but that is not the language of the statute. The statute is that bail shall be permitted 'in all cases except in appeals from a conviction of a capital offense.' So that the question properly stated is, not whether a capital sentence has been imposed, *but whether there has been a conviction of a capital offense,* and as thus stated the question, it would seem, is much simplified. There is no right of bail unless the statute gives it, . . .

". . . That murder in the first degree is a capital offense is a proposition which will not be questioned. Appellant has been convicted of that offense. It is true the death sentence was not imposed but it could have been imposed by the jury. . . . So that, while a jury may or may not assess the death punishment upon a conviction of murder in the first degree, *that crime remains a capital one,* because death is still a punishment fixed by law for its commission." (Italics ours.)

We have quoted so extensively from the dissent because we are in accord with its reasoning.

The case of *Outler v. State, supra,* likewise from Arkansas, is bottomed upon the *Walker* case and arrives at the same result.

In opposition to petitioner's contention and argu-

ment, respondent cites the following cases: *Ex parte Herndon*, 18 Okla. Crim. 68, 192 Pac. 820, 19 A. L. R. 804; *State v. Dabon*, 162 La. 1075, 111 So. 461; *Ex parte Lamb*, 89 Fla. 481, 104 So. 855; *Caesar v. State*, 127 Ga. 710, 57 S. E. 66; *In re Baronne*, 97 N. J. L. 249, 117 Atl. 163; *State v. Barone*, 98 N. J. L. 292, 118 Atl. 927; (see, also, *State v. Barone*, 96 N. J. L. 374, 114 Atl. 809); *People v. St. Lucia*, 315 Ill. 258, 146 N. E. 183.

In the *Herndon* case, *supra*, the accused was convicted of murder, the penalty for which, as provided by statute, was either death or life imprisonment. He was sentenced to imprisonment for life at hard labor. He thereupon sought bail pending his appeal. The Bill of Rights of Oklahoma provided that

" 'All persons shall be bailable by sufficient sureties, except for capital offenses, when the proof of guilt is evident, or the presumption thereof is great'."

The penal code of the state provided that, after conviction for an offense not punishable by death or life imprisonment, a defendant appealing from the judgment was entitled to be admitted to bail. Upon his application for bail, the accused made the contention that, the jury having by its verdict assessed his punishment at imprisonment for life, the offense was no longer capital, and that the statute depriving him of the privilege of the right to bail upon life imprisonment was unconstitutional.

The court held that the offense, being punishable with death, although not necessarily so, was a capital offense within the meaning of the constitution; that the constitutional provision had reference only to cases in which the accused had not had trial; and that the provision of the penal code excepting from the right to bail, pending appeal, one under sentence of life imprisonment, did not infringe or impair any constitutional right or guaranty.

The case, though of argumentative value, is not squarely in point here, for the reason that, in Oklahoma, bail was not permissible upon a sentence of life imprisonment, which is not the case in this state, and for the further reason that the real question there was the constitutionality of the statute.

In *State v. Dabon, supra,* a fifteen year old girl was indicted for murder and was convicted of manslaughter with a recommendation for leniency. The court ordered that she be sentenced to the penitentiary for a term of years and subjected to a fine. The constitution of Louisiana conferred jurisdiction upon the juvenile court to try neglected or delinquent children under seventeen years of age, except for capital crimes. Upon appeal, the only question considered was whether the district court had jurisdiction to try or sentence a juvenile for the crime of manslaughter, upon an information charging murder. The court held that the offense charged was a capital offense because it was punishable by death, regardless of the fact that the jury might fix the penalty at life imprisonment; and that, therefore, the district court had jurisdiction to try defendant for the crime charged. But the court further held that the verdict finding the accused guilty of manslaughter was equivalent to a verdict of not guilty of the charge of murder, and that, therefore, the district court was ousted of all further jurisdiction. The cause was remanded to the juvenile court for further proceedings. That case has little bearing upon the question involved here.

In *Ex parte Lamb, supra,* a defendant convicted of murder in the first degree with a recommendation of mercy and sentenced to life imprisonment brought a *habeas corpus* proceeding for release on bail pending the event of a writ of error. Under the constitution of Florida, all persons were bailable except for capital

offenses where the proof was evident or the presumption great.

The court held that the conviction was for a capital offense, and that, although the punishment imposed was life imprisonment, the degree of the offense found by the verdict was not changed by the nature of the punishment imposed. That case is authority for the position taken by respondent in the case at bar.

The case of *Ceasar v. State, supra,* comes very close to the present question and, although it is rested upon a somewhat different state of facts, its logic is applicable here. The defendant was convicted of murder, with a recommendation by the jury that he be imprisoned for life. One of the questions there involved was whether the case was within the jurisdiction of the supreme court or should be transferred to the court of appeals. The answer depended upon whether the conviction was or was not a conviction for a "capital felony," in view of the recommendation by the jury. The gist of the holding is contained in the following excerpt from the opinion:

"In our view the expression 'capital felony,' when used in our law, is merely descriptive of those felonies to which the death penalty is affixed as a punishment under given circumstances to distinguish such felonies from that class in which under no circumstances would death ever be inflicted as a penalty for the violation of the same. Felonies, in the Penal Code, are thus divided into two classes,—capital felonies and felonies not capital. If under any circumstances the penalty of death can be inflicted, the offense is capital, whether it is actually inflicted in a particular case or not. If under no circumstances the death penalty can be inflicted, the offense is not capital."

Upon this analysis, it was held that the supreme court had jurisdiction of the case as for a capital felony. The logic of that case, as applied to this, would lead to,

or support, a holding that petitioner herein would not be entitled to bail upon conviction of a capital offense.

The case of *In re Baronne, supra,* is squarely in point, because the facts are almost identical, and the statute involved bears a close resemblance to ours. Section 143 of the criminal procedure act of New Jersey provided that,

" '. . . pending the prosecution of a writ of error, the court . . . shall admit the defendant to bail, when application is made for the same . . .; provided, that this section shall not apply to capital cases.' "

In disposing of the question of the right to bail, the court of errors, in the report appearing in 97 N. J. L. 249, 117 Atl. 163, said:

"The Supreme Court decided that the plaintiff in error, who was convicted of murder in the first degree, with a recommendation of life imprisonment, and who thereupon was sentenced to life imprisonment and is prosecuting a writ of error to reverse the judgment and conviction, was excluded from the privilege of giving bail because he was convicted of a capital offence. We concur in this result. For it is apparent that the prosecution of a writ of error in such a case cannot properly transform the nature of the conviction—that is, from a conviction of a capital offense into one not capital, merely, because a death penalty was not imposed, but only a judgment of imprisonment for life. As the crime of murder in the first degree is punishable with death, by our statute, it follows that a person convicted of that degree is subject to the imposition of the death penalty, unless the jury recommends life imprisonment as the punishment to be inflicted, as was done in this case. But, notwithstanding the imposition of the milder punishment, it is quite clear that the conviction in its very nature remains a conviction of a capital crime and falls within that class of cases, under the statute, in which bail shall not be taken pending an appeal."

The case of *People v. St. Lucia, supra,* appears also to be directly in point. The accused was convicted of murder and sentenced to the penitentiary for life. Upon review, he contended, among other things, that the lower court erred in refusing to admit him to bail after the verdict of the jury. The supreme court held that murder was a capital offense under the constitution and the statute, whether the judgment be imprisonment or hanging, and was a case in which the defendant was not entitled to bail. The court further held that the statute providing that a person, convicted of a criminal offense which under the law is bailable, is entitled to a reasonable time in which to make application for supersedeas and to bail in the meantime, did not apply to capital cases.

We have gone to some length in analyzing these cases for the reason that the particular point has never been decided in this court, and, consequently, we are constrained to seek light from the adjudications of other courts. We have considered these cases in the light of the policy to encourage the allowance of bail, as announced by our legislature in the statutes providing for the privilege, and as recognized and followed by this court in its liberal construction of the bail statute. *State v. Johnson,* 69 Wash. 612, 126 Pac. 56; *State v. Jackschitz,* 76 Wash. 253, 136 Pac. 132; *State v. Seibert,* 170 Wash. 80, 15 P. (2d) 281.

Considering the cases from other jurisdictions upon the question involved, we will not undertake to say where the weight of authority lies. It may be said to be divided fairly evenly. We are, therefore, left free to decide the question as one of first impression, without doing violence to any well-settled principle. However, the policy of this state still requires us to determine what is a "proper case" for bail.

In the final analysis, the question is one of interpre-

tation of our own particular statute, Rem. Rev. Stat., § 1747, quoted above. Upon a careful consideration of its wording and context, we are unable to agree with petitioner's contention that the term "capital cases," as used in the statute, has reference only to cases that have been determined by judgments of conviction in the trial court, or that we are to look to the sentence alone, or that, if the sentence is anything less than death, it is not a capital case.

The statute begins with the phrase, "in all criminal actions," from which an exception of "capital cases" is made, thus indicating, we think, that the words "capital cases" refer to a particular category of criminal actions, that is, those criminal actions involving capital offenses. Then, further, following the words "capital cases," comes the language, "in which the proof of guilt is clear or the presumption great," thus showing that the "case" to be considered arises not merely out of the sentence, but rather out of the entire proceeding in court, beginning with the information or indictment and carried through the proof and the presumption arising therefrom. In short, we think that the word "cases," as used, was employed in the sense of "causes of action," and had reference to the entire prosecution, and not simply to its last stage.

But, without endeavoring to labor the point, we believe that the correct answer follows upon a very simple form of definition, namely, that a "capital case," as used in the statute, is a case in which the defendant is charged with a capital offense. Since a capital offense is one in which the death penalty *may be* enforced, regardless of whether it finally is or not, a capital case does not lose its character merely from the fact that the jury did not inflict the penalty that it might have inflicted within the law. The petitioner herein was convicted of a capital offense, and the degree of the crime

was in no way lessened by the penalty imposed. In determining the right to bail, the nature of the crime is the first consideration, and the gravity of the offense is characterized by the statutory penalty prescribed against its commission.

We have not been called upon, in this case, to determine whether "the proof of guilt is clear or the presumption great," as provided in Rem. Rev. Stat., § 1747, and for that reason have confined ourselves to the decision of whether, in its present circumstance, this is a capital case. Having found it to be such, it is our conclusion that the application for bail must be, and is, denied.

BLAKE, C. J., MAIN, ROBINSON, and JEFFERS, JJ., concur.

