**Roy M. TURNER, Appellant,**

v.

**Ralph N. EIDSON, Warden of the Missouri State Penitentiary, Appellee.**

**No. 14789.**

United States Court of Appeals
Eighth Circuit.

Sept. 13, 1954.

Richard P. Conerly, St. Louis, Mo. (appointed by the Court), (Thompson, Mitchell, Thompson & Douglas, St. Louis, Mo., with him on the brief), for appellant.

Samuel M. Watson, Asst. Atty. Gen., of Missouri (John M. Dalton, Atty. Gen., of Missouri, with him on the brief), for appellee.

· Before GARDNER, Chief Judge, and JOHNSEN, and COLLET, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellant is an inmate of the Missouri State Penitentiary, under a sentence of

life imprisonment, imposed in 1926, on his conviction by a trial court of that State for murder. After various, unsuccessful, collateral proceedings brought by him in the state courts of Missouri, he now seeks his release on a writ of habeas corpus in the federal courts. The District Court denied his application, and he has appealed. We have appointed counsel to represent him here, who has exhaustively briefed and ably argued all the possible merits of his situation.

The grievance around which his present proceeding centers is the fact that he has never had a review of his conviction by the Missouri Supreme Court. He claims that he was deprived of his right to such a review, under circumstances amounting to a violation of the Fourteenth Amendment.

In his petition for a writ, he has alleged that, following the imposing of sentence upon him, on February 13, 1926, the trial court entered an order granting him an appeal to the Supreme Court of Missouri, which contained a provision that "defendant is given until on or before the last of the March, 1926 Term of this Court in which to file his bill of exceptions;" that "on February 21, 1926, he received a letter from his state-appointed counsel stating that he (counsel) had discharged his duty to the court in representing petitioner at the trial of the cause and he was disassociating himself from any further connection with the appeal, but that petitioner's appeal had been allowed and under the law it was contingent upon the State to prepare and file a bill of exceptions in the appellate court and petitioner would no doubt be promptly notified when his appeal had been passed on by the State Supreme Court;" that on March 16, 1927, he was advised by letter from the Clerk of the Supreme Court of Missouri that "his appeal had been dismissed on motion by the Attorney General, for the reason that the appellant had failed to perfect said appeal within the time limit allowed by law;" that thereafter he had continuously attempted by correspondence "to ascertain in what manner he had failed to perfect his appeal" but it was not until October, 1947, that he succeeded in learning that no transcript of the evidence, to serve as a bill of exceptions, had ever been filed in the Supreme Court; that he so learned from the court reporter, who had served at the trial, and who informed him, in response to a letter written by him at that time, that the testimony of the trial proceedings had never been written up, because no transcript had ever been ordered from the reporter, and the reporter had since destroyed his shorthand notes, in accordance with his practice of not keeping his note books longer than 15 years; that under the statutes of Missouri the court reporter had failed to perform his official duty, in not writing up a transcript at the time, even though none had been ordered from him, and the clerk of the court had similarly failed to perform his official duty, in not procuring such a transcript from the reporter and forwarding it to the Supreme Court as part of the record on appeal; and that the failure of the reporter and the clerk to have so acted, to enable appellant's appeal to become perfected, with the result that his appeal was dismissed because of the failure, amounted to a denial of due process against him.

The District Court held that appellant's contention, that the court reporter had an official duty to prepare a transcript, without request, and the clerk of the court had an official duty to see that the necessary record was lodged in the Supreme Court, in perfection of his appeal, was without basis or merit in Missouri law. As the Court declared, the statutes of Missouri do not require any court officer of that State to perfect an appeal for a defendant in a criminal case, except where the death penalty has been imposed. Ex parte Dipley, 233 Mo. 235, 135 S.W. 56; State v. Piersol, Mo., 210 S.W. 58. In a situation of imposed death penalty and of taken appeal, the statutes provide that "it shall be the duty of the clerk of the court in which the proceedings were had to make out a full transcript of the record in the cause, including the bill of exceptions, judgment and

sentence, and certify and return the same to the office of the clerk of the supreme court without delay." Mo.Rev.St. 1919, § 4102, V.A.M.S. § 547.110. In all other cases, it is an appellant's own responsibility to see that his appeal is duly perfected. Mo.Rev.St. 1919, § 4103, V.A. M.S. § 547.120. See also Caldwell v. Hawkins, 46 Mo. 263; State v. Pieski, 248 Mo. 715, 154 S.W. 747.

And so, as the District Court held, the fact that the officers of the trial court had not perfected appellant's appeal could not thus be argued to have constituted a denial to him by the State of Missouri of due process. Counsel appointed by us for appellant, with appropriate professional consideration and responsibility, recognizes and accepts here this holding of the District Court as being legally correct.

But in conscientious and resourceful endeavor to serve appellant's interest to the fullest extent possible, he urges upon us that appellant's court-appointed counsel on the trial should be held to have been a state officer, and the more so because the Missouri statutes expressly require that the courts of that State appoint counsel, upon request, for every person who is indicted for a felony and who is unable to employ counsel of his own, Mo.Rev.St.1919, § 3957, V.A.M.S. § 545.820; that on this basis the erroneous advice of such counsel to appellant, that it was the duty of the officers of the trial court to perfect appellant's appeal, amounted to action by a state officer which had improperly deprived appellant of the privilege of an appellate review as existing generally in Missouri law; and that such improper deprivation of the benefit of an appeal by the action of a state officer was a denial to appellant by the State of Missouri of the equal protection of the laws under the Fourteenth Amendment.

Counsel further urges that the dismissal of appellant's appeal, on motion of the Attorney General, without any notice having been given to appellant that such a motion had been filed, contrary to the requirements of Mo.Rev.St.1919, § 4107, V.A.M.S. § 547.090, and of Rule 23 of the Missouri Supreme Court, Volume 324 Missouri Reports, as then in force, that such a notice be given, similarly constituted a denial to appellant of equal protection as guaranteed by the Fourteenth Amendment.

We do not reach the merits, if any, of these contentions, as a basis for relief through the federal courts, because we do not feel entitled to at all consider the questions in this proceeding. They were not specifically raised before the District Court, but we shall not rest our refusal to consider them upon that ground, as we might do in the ordinary case with questions which have not been attempted to be presented to the court below for resolution. The immediate hurdle which confronts us here—as it also would have confronted the District Court, had the contentions been attempted to be raised before it—is that in none of the proceedings in which appellant has engaged in the Missouri courts has he urged these grounds as a basis of attack upon his incarceration, and in none of the denials of relief made by the Missouri courts can those courts be said to have acted in relation to them.

 A person in custody pursuant to the judgment of a state court cannot ordinarily make application to the federal courts for a writ of habeas corpus, on questions which he has never undertaken to make the basis of relief in the state courts and had relief denied in relation to, unless he is able to demonstrate conclusively, as a matter of statute or judicial decision, that no way is at all open to him legally to obtain a consideration of those questions by the state courts. 28 U.S.C.A. § 2254; Hawk v. Olson, 8 Cir., 130 F.2d 910, 912; Porch v. Cagle, 5 Cir., 199 F.2d 865, 867; United States ex rel. Keener v. Foust, D.C.Pa., 84 F. Supp. 939; United States ex rel. Pascal v. Burke, D.C.Pa., 90 F.Supp. 868.

It follows that the dismissal of appellant's application for a writ is required to be affirmed.