## RAKES *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF VIRGINIA.

No. 257. Argued January 4, 1909.—Decided January 18, 1909.

Jurisdiction of this court to review judgments of conviction in criminal cases under clause 3 of § 5 of the act of March 3, 1891, c. 517, 26 Stat. 827, as amended by the act of July 20, 1897, c. 68, 29 Stat. 492, depends on the sentence which can be imposed, and not on the crime charged in the indictment; and where the Federal statute prescribes that the punishment shall be the same as that prescribed by the state law and under the state law the punishment is less than capital a writ of error will not lie.

The suggestion in the brief of counsel of the unconstitutionality of the statute under which plaintiff in error was convicted, does not raise an issue involving the construction or application of the Constitution giving this court jurisdiction to review under § 5 of the act of March 3, 1891, c. 517, 26 Stat. 827, when the contention presented has been heretofore adversely disposed of; nor does the assertion of errors of construction furnish a basis for jurisdiction under that statute.

THE facts are stated in the opinion.

*Mr. Waller R. Staples* for plaintiff in error.

*Mr. Assistant Attorney General Fowler* for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This is a writ of error issued directly from this court to the

District Court of the United States for the Western District of Virginia under § 5 of the act of March 3, 1891, c. 517, 26 Stat. 827, as amended by the act of July 20, 1897, c. 68, 29 Stat. 492, and cannot be maintained unless this was a case of "conviction of a capital crime," or a case involving "the construction or application of the Constitution of the United States," or a case in which "the constitutionality of any law of the United States is drawn in question."

Plaintiff in error was indicted under §§ 5508 and 5509 of the Revised Statutes for conspiracy, and for killing one Ann Hall in carrying out said conspiracy, and was found guilty of the conspiracy and of murder in the second degree, the jury fixing the punishment "for said last mentioned offense at imprisonment in the penitentiary for fifteen (15) years." Judgment was rendered against him of imprisonment in the United States Penitentiary at Atlanta, Georgia, for a period of fifteen years and one day, commencing on the day of his committal to the penitentiary, and he was fined $100.

By § 5508 of the Revised Statutes it is made an offense against the United States for two or more persons to conspire to injure, oppress, threaten or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, the punishment prescribed being a fine of not more than $5,000, imprisonment not more than ten years and ineligibility to any office or place of honor, profit or trust created by the Constitution or laws of the United States. And by § 5509 it is provided that if in committing the above offense any other felony or misdemeanor be committed, the offender shall suffer such punishment as is attached to such felony or misdemeanor by the laws of the State in which the offense is committed.

Section 3664 of the Code of Virginia enacts that "murder of the second degree, shall be punished by confinement in the penitentiary not less than five nor more than eighteen years."

Class 3 of § 5 gives the writ directly in "cases of conviction of a capital crime," and this case does not fall within it, because

under the verdict capital punishment could not be inflicted. The jurisdiction of this court, in this regard, does not depend upon the crime charged in the indictment, and it is clear that as the accused was found guilty of murder in the second degree, for which the sentence of death could not be imposed, he was not convicted of a capital offense.

In *Fitzpatrick* v. *United States*, 178 U. S. 304, Fitzpatrick was indicted for murder in the first degree, and the jury returned a verdict of guilty "without capital punishment," as permitted by the statute. The United States insisted that this was not "conviction of a capital crime," but Mr. Justice Brown, speaking for the court, said that the qualification "does not make the crime of murder anything less than a capital offense or a conviction for murder anything less than a conviction for a capital crime, by reason of the fact that the punishment actually imposed is imprisonment for life. The test is not the punishment which is imposed; but that which may be imposed under the statute." And see *Good Shot* v. *United States*, 179 U. S. 87. But in the present case the accused was found guilty of murder in the second degree, for which the sentence of death could not be imposed, and it was not a case where the penalty of death was escaped by qualification of the verdict.

In *Davis* v. *United States*, 107 Fed. Rep. 753, the defendant could have been convicted under the indictment for a capital offense, but was in fact found guilty only of a conspiracy, and the Circuit Court of Appeals for the Sixth Circuit correctly held that that court had jurisdiction. And, speaking through Severens, J., said: "Only the conspiracy is of Federal cognizance, and it is that offense which is made punishable. If, in the prosecution of it, a thing is done which is a crime by the laws of the State the conspiracy is punishable by a measure of punishment equal to that prescribed by the law of the State for such other crime. But it is an aggravation merely of the substantive offense of conspiracy. If the latter is not proven there can be no conviction for the offense which constitutes the aggravating circumstance, and the proceeding falls to the ground. It is

plainly indicated in *Motes* v. *United States*, 178 U. S. 458, that this is the view taken of these sections by the Supreme Court. It cannot be doubted that it was within the power of Congress to deal with such a conspiracy and impose such punishment therefor as it should deem proper; and, having such authority, it was competent to take notice of such incidents of violence and wrong as were likely to happen in the prosecution of such combinations, and to measure the punishment by that which is prescribed by the local law for such acts when made, of themselves, the subject of punishment. Though measured by those laws, the penalty is imposed by the law of the United States."

Nor can we see that the case involved the construction or application of the Constitution of the United States, or drew in question the constitutionality of a law of the United States, because no definite issue was raised in regard thereto; and, while in the brief of counsel for plaintiff in error it was suggested that § 5509 was unconstitutional, that contention, however presented, was long since put at rest. *Motes* v. *United States*, 178 U. S. 458; *Logan* v. *United States*, 144 U. S. 263; *In re Quarles*, 158 U. S. 532. And assertion of errors of construction furnishes no basis for jurisdiction on constitutional grounds under § 5 of the act of March 3, 1891.

*Writ of error dismissed.*