*Ex parte* JOHN HERNDON.

No. A-3704—Opinion Filed Oct. 18, 1920.

(192 Pac. 820.)

(Syllabus.)

1. **BAIL—Constitutional Provision—Right to Bail After Conviction for Capital Offense.** The Constitution of this state (article 2, § 8), providing, "All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great," has reference only to those cases in which the accused has not yet had a trial, and applies to all persons prior to conviction, but does not refer to cases wherein a conviction has been had in a court of competent jurisdiction.

2. **SAME—"Capital Offense."** A "capital offense" is one where the punishment may be death.

3. **SAME—Validity of Statute Excepting One Under Sentence of Life Imprisonment from Bail.** The provision of our Code of Criminal Procedure (section 6105, Rev. Laws 1910) excepting from the right to bail pending appeal one under sentence of life imprisonment is not unconstitutional.

John Herndon was convicted of murder, and he appeals. On application to be allowed bail pending decision on appeal. Denied.

*Giddings & Giddings,* for petitioner.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for respondent.

DOYLE, P. J. The petitioner, John Herndon, having been convicted in the district court of Greer county of murder and sentenced to imprisonment for life at hard labor, appealed from the judgment and sentence, and said appeal is now pending in this court. In this proceeding he makes

application to this court to be allowed bail pending its decision on his said appeal.

The petitioner bases his application for bail upon section 8 of the Bill of Rights (Const. art. 2, §8), which provides:

"All persons shall be bailable by sufficient sureties, except for capital offenses, when the proof of guilt is evident, or the presumption thereof is great."

That the jury having by their verdict assessed his punishment at imprisonment for life, the offense is no longer capital, and by the terms of the constitutional provision he cannot be deprived of the privilege of the right to bail, and that the provision of the statute (section 6105, Rev. Laws 1910) excepting from the right to bail pending appeal, one under sentence of death or life imprisonment is to that extent in violation of the Constitution.

In our Penal Code it is provided that any person convicted of murder shall suffer death or imprisonment at hard labor in the penitentiary for life at the discretion of the jury. Section 2319, Rev. Laws 1910. The offense may therefore be punished with death, but it is not necessarily so punishable. A "capital offense" is one where the punishment may be death. The offense, then, is a capital one within the meaning of the Constitution.

Our Code of Criminal Procedure provides:

"After conviction of a crime or public offense, not punishable by the death or incarceration for life in the state prison, a defendant who sues out a writ of error for revision of the judgment or takes an appeal from the judgment rendered against him, shall, on furnishing bond, be admitted to bail as provided by sections 5994 and 5995." Section 6105, Rev. Laws 1910.

"In all cases where the sentence is for a crime not bailable the defendant shall be confined in the penitentiary pending the appeal."   Section 5995, Rev. Laws 1910.

The constitutional provision in the Bill of Rights has reference only to the cases in which the accused has not had a trial, and applies to all persons prior to conviction, but does not refer to cases wherein a conviction has been had in a court of competent jurisdiction.

In *Ex parte Mingle,* 2 Okla. Cr. 708, 104 Pac. 68, it is said:

"The Constitution grants power to the legislative branch of the government to provide by proper legislation. the manner in which appeals in criminal cases may be taken. The language of the law is plain and unambiguous, and provides that the appeal shall suspend execution until the matter is determined upon the appeal, and the defendant in the meantime shall be confined in the state prison.   The defendant is entitled to the advantage of every right which the law secures to him before his conviction is made final. He has the right of appeal, and in this class of crimes, while his appeal is pending, although confined in the penitentiary, it is his privilege not to be held at hard labor. To this extent only the pendency of his appeal stays the execution of the judgment and sentence.   We do not see that this provision of the law deprives the petitioner of any constitutional right.   The offense is not bailable, and he stands committed by a court of competent jurisdiction."

With slight variations the common form of constitutional guaranty of bail is that all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption of guilt is great.

In *Ex parte Voll,* 41 Cal. 29, 14 Pac. St. Rep. 29, the petitioner convicted of manslaughter claimed admission to bail as a right under the Constitution of California (article 1, §7) providing that:

"All persons shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident, or the presumption great."

The statute of that state provided that a person charged with such an offense as manslaughter may be admitted to bail before conviction "as a matter of right," but after conviction "as a matter of discretion" merely. It was insisted that the language of the Constitution was sufficiently broad to embrace not only a case where no trial had been had, but equally a case in which a conviction of an offense less than capital in degree had occurred; that the Constitution did not regard the particular stage of the proceedings which the prosecution may have reached, but only the grade of the offense involved as being less than the capital grade. Upon these contentions the Supreme Court said:

"We are of the opinion that the Constitution, in declaring bail to be a matter of right, contemplated only those cases in which the guilt of the party had not been already judicially ascertained; cases in which the prisoner as yet stood upon his plea of not guilty, supported with all the presumptions of innocence with which the law delights to surround him. But when his trial has been had, and his plea proven false, the law will not stultify itself by presuming him other than that it has itself adjudged him to be. If the Constitution, indeed, intended to introduce the rule of absolute right to bail, as well after as before conviction of such felonies, it would result that no convict could be punished for his ascertained crime if he had either wealth or friends; for no mere pecuniary considerations could weigh against the alternative of a degrading imprisonment, at hard labor, for a crime involving moral turpitude. It would operate in practice as a mere money commutation for the infamous corporeal punishment which the law has denounced against the perpetration of crime.

"The literal interpretation insisted upon—following,

as it does, the mere words of the Constitution—would not only entitle the prisoner to bail, pending his appeal taken, but would have done so had he not taken an appeal at all. In this view it was unnecessary for him to have stated, as he has done in his petition, that he had appealed from the judgment of conviction, because, upon the literal reading of the Constitution, upon which he insists, that is not a condition imposed upon his right to bail; it is one which is only to be found in the statute, which he seems, however, to have so far observed, even while coming here to assail its constitutionality. Indeed, upon the interpretation here insisted upon, the right to object would still belong to the prisoner, even if it had appeared in the petition that his appeal was no longer pending here, but that the judgment of the district court had been affirmed in this court, because it will be seen that the mere words of the Constitution have not, for this purpose, announced any distinction between cases in which judgments have been already affirmed and cases yet pending on appeal. In either case, or indeed in any other conceivable case in which an offense less in degree than capital should be involved, the absolute right to bail must, upon this theory, be accorded to every prisoner; at least, so long as the phrase 'all persons' is sufficiently comprehensive to include him, he must continue to be 'bailable by sufficient sureties.' A construction leading to such consequences cannot be supposed to have been intended by the framers of the Constitution, and, in our opinion, ought not to be attributed by us to that instrument."

This case has been uniformly followed and approved by the Supreme Court of California, as may be seen by an examination of the following cases: *Ex parte Hoge,* 48 Cal. 5; *Ex parte Smallman,* 54 Cal. 36; *Ex parte Brown,* 68 Cal. 177, 8 Pac. 829.

The Constitution of Texas provided:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident." Const. art. 1, § 11.

In *Ex parte Schwartz,* 2 Tex. App. 74, it was said:

"The constitutional provision guaranteeing bail, except in capital cases, relates to persons who are accused before trial and conviction."

In *Ex parte Heath,* 227 Mo. 393, 126 S. W. 1031, the petitioner had been convicted of murder and sentenced to life imprisonment. After he had perfected his appeal, he applied for an order of *supersedeas* staying the execution of said sentence pending his appeal. The Constitution of Missouri provided:

"That all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident and the presumption is great." Const. art 2, § 24.

The Supreme Court of that state in the opinion said:

"We think the construction put upon the Bill of Rights in California and Texas, in which the words 'before conviction' are omitted, as they are in our Constitution, is the correct one. We think the language of section 24, art. 2, of our Constitution clearly refers to the right of bail while yet there is room for presumption, and while the 'proof evident' is open to consideration by the court or judge to whom an application for bail is made, and not to a time when presumptions and proofs are merged in a verdict of guilty. In 3 Amer. & Eng. Ency. Law (2d Ed.) p. 675, it is said: ' In the United States, after conviction, no constitutional right to bail exists, and the granting of bail rests in the sound discretion of the court.' This would be the rule in this state under our constitutional provision in the absence of a statute, but as the Legislature, by section 2702, Rev. St. 1899, denies bail where the defendant appeals or prosecutes a writ of error from a sentence of death or imprisonment in the penitentiary for life, the courts no longer have the power to admit to bail after a conviction and sentence either of death or imprisonment in the penitentiary for life."

For the reasons stated, we are of opinion that section 6105, Rev. Laws 1910, excepting from the right to bail, pending appeal, one under sentence of life imprisonment, does not infringe or impair any constitutional right or guaranty, and must govern the petitioner's application, and it must be, and is accordingly, denied.

ARMSTRONG and MATSON, JJ., concur.