## CUMMINGS *v*. STATE OF INDIANA

[No. 1168S187. Filed October 28, 1969. Rehearing denied January 16, 1970.]

*Daniel A. Roby, Kenneth M. Waterman,* Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *John F. Davis,* Deputy Attorney General, *Curtis C. Plopper,* Deputy Attorney General, for appellee.

DeBruler, C. J.—This is an appeal from a conviction in a trial without jury in the Allen County Circuit Court for inflicting physical injury while engaged in the commission of a robbery, in violation of Acts 1941, ch. 148, § 6, the same being Burns' Ind. Stat. Ann. § 10-4101. Appellant filed a motion for new trial which was overruled and is not at issue on this appeal, and on September 17, 1968, the trial court imposed the mandatory sentence of life imprisonment in the Indiana Women's Prison.

On September 20, 1968, appellant filed a petition to transfer the case to the Allen County Juvenile Court on the ground that appellant was in fact only sixteen years old. The trial court denied the petition and appellant's request for a hearing on appellant's age on September 25, 1968.

On December 9, 1968, the trial court approved the filing of a belated motion for new trial which included affidavits from appellant that she was only sixteen years old and a birth certificate. The trial court overruled the belated motion for new trial.

Appellant's several assignments of error all rest on one argument: When it was made known to the judge that this appellant was under eighteen years of age, he was required by statute, Acts 1945, ch. 356, § 13, the same being Burns' Ind. Stat. Ann. § 9-3213, to transfer the case to the juvenile court which had sole jurisdiction of appellant.

Burns' § 9-3213, *supra,* states:

"If a complaint or charge of a criminal or quasi-criminal nature is made or pending against any person in any other court, and, it shall be ascertained that said person was under the age of eighteen years at the time the offense is alleged to have been committed, it shall be the duty of such court to transfer such case immediately, together with all the papers, documents and testimony connected therewith, to the juvenile court, excepting, however, cases against children over sixteen years of age charged with violation of any traffic ordinances of a subdivision of the state, and further excepting cases against children charged with a violation of law, which if, committed by an adult, would be a capital offense. The court making such transfer shall order the child to be taken forthwith to the place of detention designated by the juvenile court or to the court itself, or release such child in the custody of some suitable person to appear before the juvenile court at a time designated. The juvenile court shall thereupon proceed to hear and dispose of such case in the same manner as if it had been instituted in that court in the first instance."

It is clear from this statute that the trial court had a duty to transfer this case to the juvenile court if appellant was under eighteen years old and was not charged with a traffic or a capital offense. Since the appellant was not charged with a traffic offense, it remained for the trial court to answer two questions: (1) Was appellant in fact under eighteen years old?; (2) Was this a capital offense?

(1) In the petition to transfer filed on September 20, 1968, appellant's counsel alleged that the evidence had come to his attention since the sentencing which clearly indicated that appellant was then only sixteen years old. On September 25, 1968, at a hearing on appellant's indigency, Mrs. Helen Moore testified that appellant was her daughter, Sheila Moore, born on February 4, 1952, in Myers Memorial Hospital at Ypsilanti, Michigan. In the belated motion for new trial, counsel included appellant's affidavit to the effect that she was Sheila Moore, aged sixteen, and a birth certificate to that effect. The only claim that appellant was over eighteen years old was made by appellant herself

to the probation officer and during the trial when she represented herself to be twenty years old. The appellee never contraverted any of the allegations that appellant was sixteen years old even though if true they would have deprived the circuit court of jurisdiction of this case. Since the trial court never conducted a hearing into appellant's age and the appellee never contraverted the testimony of Mrs. Moore, appellant's affidavit, or the birth certificate, we take the claim that appellant was sixteen years old as true.

(2) Black's Law Dictionary (4th Ed.) defines a capital crime as "One in or for which the death penalty may, but need not necessarily, be inflicted." The overwhelming weight of authority in the state courts in that death must be a possible punishment in order for a crime to be called a capital offense. *State v. Dabon* (1927), 162 La. 1075, 111 So. 461; *Ex parte Herndon* (1920), 18 Okla. Crim. 68, 192 Pac. 820, 19 A. L. R. 804; *State v. Johnston* (1914), 83 Wash. 1, 144 Pac. 944; *Ex parte Walker* (1889), 28 Tex Ct. App. R. 246, 13 S. W. 861; *Ex parte Dusenberry* (1888), 97 Mo. 504, 11 S. W. 217; *Ex parte McCrary* (1853), 22 Ala. 65. The federal courts have consistently held that murder in the second degree is not a capital offense because it is not punishable by death. *Askins v. United States,* 251 F. 2d 909 (D. C. Cir. 1958); *Rakes v. United States* (1909), 212 U. S. 55, 29 S. Ct. 244, 53 L. Ed. 401. We accept that definition in Indiana. The maximum sentence for inflicting injury while committing a robbery is life imprisonment, therefore, appellant was not charged with a capital offense.

Since the appellant was under eighteen years of age and was not charged with a traffic or a capital offense, she was not within the jurisdiction of the circuit court and Burns' § 9-3213, *supra,* required the circuit court to transfer the case to the juvenile court. *Hicks v. State* (1967), 249 Ind. 24, 230 N. E. 2d 757.

The appellee argues that the juvenile court has no jurisdiction in this case and, therefore, to require the circuit court to transfer it would create a jurisdictional gap.

The jurisdiction of the juvenile court is conferred by statute:

"The juvenile courts created by this act shall have original exclusive jurisdiction, except when specifically waived by the court, in such cases as provided by law, in all cases of delinquent, dependent, and neglected children, as defined by law, of divorced parents. And shall have exclusive original jurisdiction to determine the paternity of any child born out of wedlock, and to provide for the support and disposition of such child and in all other cases that may hereafter be conferred by law." Acts 1945, ch. 347, § 3, as last amended by Acts 1969, ch. 223, § 1, the same being Burns' § 9-3103.

"The words 'delinquent child' shall include any boy under the full age of eighteen years and any girl under the full age of eighteen years who:

"(1) Commits an act which, if committed by an adult, would be *a crime not punishable by death or life imprisonment. . . .*" (Emphasis added). Acts 1945, ch. 356, § 4, as last amended by Acts 1961, ch. 274, § 1, the same being Burns' § 9-3204(1).

Appellee first alleges that appellant is not a delinquent child within Burns' § 9-3204(1), *supra,* because she was charged with a crime which if committed by an adult would be a crime punishable by life imprisonment which is one of the exceptions in the statute. Appellee then argues that since the juvenile court has no jurisdiction in this case, it would create a jurisdictional gap with no court having jurisdiction to interpret Burns' § 9-3213 to require the circuit court to transfer this case out of its own jurisdiction. In order to avoid this result we are urged to construe the phrase "capital offense" to cover crimes where life is the maximum penalty. Under this view the circuit court did not have to transfer this case because it had jurisdiction of the case.

We agree with appellee that Burns' §§ 9-3204(1) and 9-3213 must be construed in *pari materia* and harmonized if possible. The category of crimes *excluded* from juvenile court jurisdiction under Burns' § 9-3204(1), *supra*, must be the same as that *within* the sole jurisdiction of the circuit court. To accomplish this the scope of the concept "capital offense" must be the same as crime "punishable by death or life imprisonment." However, we believe this can most easily be done by holding that both phrases apply to crimes *for which the death penalty is possible*. This interpretation does no violence to the traditional meaning of "capital offense" as does appellee's interpretation It also gives a plausible, grammatically correct interpretation to "crime punishable by death or life imprisonment."

Not only is appellee's interpretation the more strained, it also moves in the direction of increasing the number of cases where the circuit court has exclusive jurisdiction over crimes committed by children under eighteen years of age. Under appellee's argument the juvenile court procedures would be avoided for crimes where a death sentence is possible *and* for crimes where only life imprisonment is possible. The latter category includes Kidnapping, Acts 1905, ch. 169, § 358, as last amended by Acts 1929, ch. 154, § 1, being Burns' § 10-2901; Murder in the 2nd Degree, Acts 1905, ch. 169, § 350, as last amended by Acts 1969, ch. 95 § 1, being Burns' § 10-3404; Rape of a child under twelve, Acts 1941, ch. 148, § 3, being Burns' § 10-4201; Bank robbery, Acts 1927, ch. 158, § 1, being Burns' § 10-4102; Habitual criminal, Acts 1907, ch. 82, § 1, being Burns' § 9-2207; Inflicting injury while engaged in commission of robbery, Acts 1941, ch. 148, § 6, being Burns' § 10-4101. This is counter to the spirit of the Juvenile Act and the trend in Indiana as illustrated in the proposed revision of the Indiana Juvenile Procedural Code which follows the Uniform Juvenile Court Act. The revision would give the juvenile court jurisdiction over all criminal

offenses (except traffic offenses) committed by children under eighteen years of age. Likewise, Burns' § 9-3213, *supra,* would be revised to require the transfer of all cases (except traffic offenses) against children under eighteen years of age.

> "COMMENTS. This section has changed the phrase 'under the age of eighteen (18) years' to read 'not had his eighteenth (18th) birthday' to be in conformity with the entire act. This will alleviate many problems heretofore encountered.
>
> "The exception in Ind. Ann. Stat. Sec. 9-3213 (1956) of transferring of 'cases against children charged with a violation of law, which, if committed by an adult, would be a capital offense,' has been deleted. This will prohibit a 10-year old, for example, of being tried for murder under regular criminal procedure without some safeguard. Once he is transferred to the juvenile court the latter may, pursuant to section 22, waive jurisdiction, clearing the way for prosecution under the criminal statutes of this state.
>
> "The intent of this section is to make waiver exclusively the decision of the juvenile court and thus avoid any constitutional objection which might otherwise be raised under *Kent v. United States,* 383 U. S. 541 (1966)." Official Comment to Proposed Sec. 7, Transfer of Cases From Other Courts (2).

Thus, the proposed revision moves in the direction of giving increased discretion to the juvenile court to determine when children under eighteen years of age shall be tried in a criminal court.

Since the circuit court did not have jurisdiction of appellant in this case the said trial court is ordered to grant appellant's belated motion for new trial and to transfer this cause to the Juvenile Court of Allen County, Indiana, and to make such orders as may be necessary to return the appellant to the custody of the juvenile authorities, all pursuant to Burns' Ind. Stat. Ann. § 9-3213.

Arterburn, Givan, Hunter and Jackson, JJ., concur.

NOTE.—Reported in 251 N. E. 2d 663.