BLACKWELL *v.* STATE OF INDIANA.

[No. 769S169. Filed October 14, 1970. No petition for rehearing filed.]

*John G. Bunner,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson, Edward S. Neal,* Deputies Attorney General, for appellee.

GIVAN, J.—Appellant was charged by Grand Jury indictment with the crime of second degree murder. A jury trial resulted in a conviction of manslaughter.

The appellant assigns as error the court's overruling of his objection to arraignment because he was a minor child 17 years of age and had not been taken to juvenile court on the instant charge at any time prior to his arraignment. Although there are numerous specifications of error included in appellant's motion for new trial, we deem it necessary only to consider the specification dealing with his objection to arraignment as above set out.

This Court has recently interpreted Burns Ind. Stat. Ann. § 9-3213 to give exclusive jurisdiction to Juvenile Court over all persons under 18 years of age with the exception of traffic offenses and capital offenses. In the recent case of *Cummings* v. *State* (1969), 252 Ind. 701, 19 Ind. Dec. 68, 251 N. E. 2d 663, 666, the Court was presented with the question as to whether second degree murder was a capital offense. At that time this Court stated:

"* * * The overwhelming weight of authority in the state courts is that death must be a possible punishment in order for a crime to be called a capital offense. *State* v. *Dabon* (1927), 162 La. 1075, 111 So. 461; *Ex parte Herndon* (1920), 18 Okl. Cr. 68, 192 P. 820, 19 A.L.R. 804; *State* v. *Johnston* (1914), 83 Wash. 1, 144 P. 944; *Ex parte Walker* (1889), 28 Tex. App. 246, 13 S. W. 861; *Ex parte Dusenberry* (1888), 97 Mo. 504, 11 S. W. 217; *Ex parte McCrary* (1853), 22 Ala. 65. The federal courts have consistently held that murder in the second degree is not a capital offense because it is not punishable by death. *Askins* v. *United States,* 102 U. S. App. D. C. 198, 251 F. 2d 909 (1958) ; *Rakes* v. *United States* (1909), 212 U. S. 55,

29 S. Ct. 244, 53 L. Ed. 401. We accept that definition in Indiana."

In the case at bar the appellant was only 17 years of age at the time the offense occurred. Thus the Circuit Court did not have jurisdiction. It could have only acquired jurisdiction by the charge first being made against the appellant in Juvenile Court and that court pursuant to its lawful jurisdiction transferring the cause to the Circuit Court. In the absence of the following of this procedure, the trial court was in error.

The cause is, therefore, reversed. The trial court is ordered to grant appellant's motion for new trial, to transfer this cause to the Juvenile Court of Vanderburgh County, Indiana, and to make such orders as may be necessary to return the appellant to the custody of juvenile authorities pursuant to Burns Ind. Stat. Ann. § 9-3213.

Hunter, C.J., and Arterburn, DeBruler, and Jackson, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 632.