HARRY E. CARPENTER, JR. v. STATE OF INDIANA.

[No. 776S216. Filed March 16, 1977. Rehearing denied May 10, 1977.]

*Michael J. McDaniel,* of New Albany, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

PER CURIAM—Appellant was convicted of kidnapping, Ind. Code § 35-1-55-1 (Burns 1975), assault and battery with intent to kill, Ind. Code § 35-13-2-1, and commission of a felony (rape) while armed, Ind. Code § 35-12-1-1, all arising from the abduction of and sexual assault upon a teenaged girl on March 14, 1975, in Corydon, Indiana. Appellant raises several issues, but we reach only the issue of whether the Clark Superior Court, in which appellant was tried, convicted and sentenced, lacked jurisdiction over the subject matter of this prosecution. We have determined that the Clark Superior Court had no jurisdiction, and are therefore required to reverse appellant's conviction.

On March 18 and 21, 1975, appellant was charged with the above-listed crimes and rape in two informations filed in the Harrison Circuit Court. After hospitalization for a psychiatric examination, appellant was arraigned. On September 18, 1975, appellant moved for a change of judge; the Honorable Harry Paynter, regular judge of the Clark Superior Court, was selected and qualified as special judge.

On October 21st, appellant moved for a change of venue from Harrison County pursuant to Ind. R. Crim. P. 12. The State did not oppose the motion, and in fact agreed with appellant that the prosecution should be transferred to the Clark Superior Court. Apparently all parties were satisfied with Judge Paynter. On November 5, 1975, the causes were transferred to the Clark Superior Court.

Appellant appeared in the Clark Superior Court in several pre-trial proceedings. On the morning of the trial date, February 2, 1976, appellant moved the court to dismiss the prosecutions and remand them to Harrison County, because the Clark Superior Court lacked jurisdiction in criminal prosecutions.

The court overruled the motion. Appellant was tried by jury, and found guilty of all of the offenses charged except rape, which charge had been dismissed by the court. Appellant also objected to the pronouncement of sentence upon the verdicts because of the court's lack of criminal jurisdiction; the court overruled the objection and sentenced appellant to imprisonment for a twenty year determinate term (armed felony), to run consecutive to concurrent life (kidnapping) and two-to-fourteen year indeterminate (assault and battery with intent to kill) terms.

On appeal appellant contends that the court erred in overruling his pre-trial motion to dismiss and his objection to sentencing, because the Clark Superior Court lacked jurisdiction to adjudicate criminal prosecutions.

The Clark Superior Court was created by statute in 1967. Ind. Code §§ 33-5-10-1 to -22 (Burns 1973). The jurisdiction

of the court is established in § 33-5-10-3, which reads as follows:

"(a) The court, within and for that county, shall have original and concurrent jurisdiction with the circuit court in all civil cases, and jurisdiction concurrent with the circuit court in all cases of appeal from justices of the peace, boards of county commissioners, and mayors or city courts in civil cases, and all other appellate jurisdiction in civil causes now vested in, or which may hereafter be vested by law in, the circuit courts; and the court shall also have concurrent jurisdiction in all actions by or against executors, guardians or administrators, except claims against estates: Provided, however, That the superior court hereby constituted shall not have jurisdiction in matters of probate or the settlement of decedents' estates.

(b) The court and the judge thereof shall have and possess exclusive original juvenile jurisdiction within and for the county, including but not by way of limitation all the powers and duties now conferred on the juvenile courts and the judge thereof, and the court shall have exclusive jurisdiction in all matters relating to children, including juvenile delinquents, truants, neglected and dependent children, children petitioned for by the board of children's guardians, and in all cases wherein custody and legal punishment of children is in question, and in all cases wherein persons are charged with contributing to or encouraging juvenile delinquency, and all such matters now pending in the juvenile court or circuit court, shall be transferred to the court when established, and the court and the judge thereof shall be governed by all the laws now pertaining to the juvenile courts of this state.

(c) The court and the judge thereof shall have and possess exclusive original jurisdiction of all actions for divorce, separation, and annulment of marriages."

The statute confers no jurisdiction over criminal prosecutions upon the Clark Superior Court. Indiana courts have only such jurisdiction as is granted to them by our Constitution and statutes. *Wedmore* v. *State*, (1954) 233 Ind. 545, 122 N.E.2d 1. Therefore we must conclude that the Clark Superior Court lacked jurisdiction over this prosecution, unless some exception to the rule can be found.

The State first argues that when a criminal prosecution is properly commenced in a court having subject matter juris-

diction, and transferred to another court pursuant to the statute, Ind. Code § 35-1-25-5 (Burns 1975) and Rule, Ind. R. Crim. P. 12, relating to change of venue from the county, the transferee court receives the jurisdiction enjoyed by the transferor court. This is a misconception caused by the existence of two distinct meanings of the phrase "jurisdiction over the subject matter."

"In the general sense it signifies the abstract right of the tribunal to exercise its power in causes of a certain class. In the particular sense it relates to the right of a tribunal to exercise its power with respect to a particular matter. The former is conferred by the constitution or statutes, but the latter is conferred by instituting an action in a lawful and proper manner." *Pease* v. *State*, (1921) 74 Ind. App. 572, 574, 129 N.E. 337, 338, quoted at 7 I.L.E. *Courts* § 1 at 406 (1958).

It is jurisdiction in the "particular sense" which is transferred; jurisdiction in the general sense of power to adjudicate the type of case involved must already exist in the transferee court before it may accept transfer of the case.

The State further argues that Article 7, § 4 of the Indiana Constitution, which assigns to this Court "supervision of the exercise of jurisdiction by the other courts of the State" empowers this Court to determine that jurisdiction in criminal cases existed in the Clark Superior Court. We have no power to endow the lower courts of this State with jurisdiction not granted them by constitution or statute; the provision cited merely authorizes this Court to supervise the exercise of jurisdiction, not to create it.

Finally, the State argues that appellant has defrauded the judicial system by first agreeing to the transfer to Clark Superior Court and then attacking the jurisdiction of that court. This allegation is patently spurious. There is no indication in the record of any fraudulent maneuvering or even opportunism on the part of appellant or his counsel. Even were evidence of such fraud present, we could not on that basis uphold the judgment

of a court which lacked jurisdiction to enter that judgment. It is well established that parties cannot confer subject matter jurisdiction by consent or agreement, *State ex rel. Young* v. *Noble Circuit Court,* (1975) 263 Ind. 353, 332 N.E.2d 99; *City of Indianapolis* v. *Hawkins,* (1913) 180 Ind. 382, 103 N.E. 10. Moreover, a party may not waive his objection to the absence of subject matter jurisdiction, and the reviewing court is required to determine this issue *sua sponte* if not raised by the parties. *Wedmore* v. *State, supra; State ex rel. Ayer* v. *Ewing,* (1952) 231 Ind. 1, 106 N.E.2d 441; *Green* v. *State,* (1952) 230 Ind. 400, 103 N.E.2d 429. It follows that appellant could not be estopped from raising the lack of jurisdiction of the superior court over the subject matter even if appellant or his counsel were guilty of fraud, or bad faith, although disciplinary action against an attorney employing such tactics might be appropriate.

We must unfortunately conclude that the Clark Superior Court had no jurisdiction over the subject matter of this prosecution, and its judgment of conviction was therefore void. *Green* v. *State, supra.* We, therefore, reverse the judgment of the Clark Superior Court and vacate all orders and proceedings after and including the order of the Harrison Circuit Court transferring the case to the Clark Superior Court. This case is remanded to the Clark Superior Court with instructions to return the case to the Harrison Circuit Court, Honorable Harry Paynter, Special Judge, for the selection of a county to which the case shall be venued. So ordered.

Arterburn, J., not participating.

NOTE.—Reported at 360 N.E.2d 839.