Dennis Lee CALDWELL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 882S324.

Supreme Court of Indiana.

Sept. 23, 1983.

J.A. Cummins, Public Defender for Delaware County, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Felony Murder, Ind.Code § 35–42–1–1(2) (Burns 1979), and sentenced to thirty (30) years imprisonment. We reverse because the trial court did not acquire jurisdiction over the person of Defendant, a juvenile.

Defendant was born on August 7, 1966. The information charges that the offense occurred on September 1, 1981; thus he was less than sixteen (16) years of age at the time he committed the offense.

In response to the information, Defendant filed a motion to dismiss divided into three paragraphs. The third paragraph, or ground, asserted that if Ind.Code § 31–6–2–1(d) (Burns Supp.1982), were the correct jurisdictional statute, an issue which he raised in the first paragraph of the motion and which we need not address based upon our disposition of this appeal, the Prosecutor was required, by virtue of Defendant's age and the statutory provision, to seek a waiver of Defendant from the juvenile court to the adult criminal court pursuant to Ind.Code § 31–6–2–4(c) (Burns Supp. 1982), which provides:

"Upon motion of the prosecutor and after full investigation and hearing, the juvenile court shall waive jurisdiction if it finds that: (1) The child is charged with an act that would be murder if committed by an adult; (2) There is probable cause to believe that the child has committed the act; and (3) The child was ten (10) years of age or older when the act charged was allegedly committed; unless it would be in the best interests of the child and of the safety and welfare of the community for him to remain within the juvenile justice system."

Ind.Code § 31–6–2–1(d) provides in relevant part:

"The juvenile court does not have jurisdiction over an individual for an alleged violation of: (1) IC 35–42–1–1 (murder); (2) IC 35–42–3–2 (kidnapping); (3) IC 35–42–4–1 (rape); or (4) IC 35–42–5–1 (robbery), if: (A) It was committed while armed with a deadly weapon; or (B) It results in bodily injury or serious bodily injury; if the individual was sixteen (16) years of age or older at the time of the alleged violation."

In overruling Defendant's motion to dismiss, the trial court cited this statute but

did not state any specific reason for its reliance thereon.

The State argues that the limitations contained in Ind.Code § 31–6–2–1(d) concerning age, the use of a deadly weapon, and the infliction of bodily injury apply only to a charge of Robbery, and that the juvenile court has no jurisdiction over any individual, no matter his or her age, charged with Murder, Kidnapping, or Rape. This construction of the statute is untenable in light of Ind.Code § 31–6–2–4(c), which was part of the same legislation that contained Ind. Code § 31–6–2–1(d), Acts 1981, Public Law 266.

§ 31–6–2–4(c) which provides for mandatory waiver as to children ten years old or older is contained in the revised juvenile code (Ind.Code 31–6) as originally enacted in 1978. § 31–6–2–1(d) is one of several amendments to that code added by Public Law 266 of 1981. We do not attribute the retention of § 31–6–2–4(c) while enacting § 31–6–2–1(d) to legislative oversight. Yet, this would be a nearly inescapable conclusion if we were to accept the State's interpretation, because § 31–6–2–4(c) could have no application if the Juvenile Court has no jurisdiction of any child, regardless of its age, charged with an act that would be murder if committed by an adult. Alternatively, under the State's interpretation, giving effect to both sections would result in requiring a mandatory waiver with respect to children of the ages of ten (10) through fifteen (15) years but not as to children who are either over the age of fifteen (15) years or under the age of ten (10) years. Such a construction cannot be sanctioned, given the acknowledged and obvious policy of the code to proportion societal tolerance and protection of children according to their ages.

"In construing legislation, this Court must employ a reasonable interpretation of statutory language as a means of discovering the legislature's true goals. It cannot be presumed that our lawmakers expect their enactments to be applied in an illogical or absurd manner." *Pryor v. State,* (1973) 260 Ind. 408, 412, 296 N.E.2d 125, 127."

"It is presumed that the Legislature does not intend an absurdity, and such result will be avoided if the terms of the act admit of it by a reasonable construction; and 'absurdity' meaning anything which is so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of men of ordinary intelligence and discretion." *Marks v. State,* (1942) 220 Ind. 9, 18–19, 40 N.E.2d 108, 111 (citation omitted).

Moreover, it is apparent from the manner in which the statute was drafted, that the phrase, "if the individual was sixteen (16) years of age or older at the time of the alleged violation.", modifies the entire subsection (d), so as to deprive the juvenile court of jurisdiction over accuseds sixteen years of age or older charged with Murder, Kidnapping and Rape, both of which are only Class A or Class B felonies, and Robbery, when it is charged as a Class A or Class B felony. The net result is that the Legislature intended to treat only individuals sixteen years old or older charged with Murder of the enumerated Class A or Class B felonies as adults.

Defendant was less than sixteen at the time that he committed the instant offense, Murder. Consequently, he was not subject to treatment as an adult under Ind.Code § 31–6–2–1(d). Absent a proper waiver from the juvenile court under Ind.Code § 31–6–2–4, the trial court, an adult criminal court, had no jurisdiction of him. The record discloses no motion for waiver made by the Prosecutor and that Defendant raised the absence of jurisdiction over his person in a timely manner. The trial court erred in denying the motion to dismiss, or alternatively, in not granting the motion and referring the case to the juvenile court. *See Cummings v. State,* (1969) 252 Ind. 701, 707, 251 N.E.2d 663, 667.

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

GIVAN, C.J., and DeBRULER and HUNTER, JJ., concur.

PIVARNIK, J., dissents with opinion.

PIVARNIK, Justice, dissenting.

I must respectfully dissent from the majority who find that the trial court did not acquire jurisdiction over the person of Defendant Caldwell. At the time Defendant was charged, Ind.Code § 31–6–2–1(d) (Burns Supp.1983) was in effect and provided that the juvenile court did not have jurisdiction over an individual for an alleged violation of murder, Ind.Code § 35–42–1–1 (Burns 1979). I agree with the State's interpretation that subparts (A) and (B) in § 31–6–2–1(d) apply only to robbery under part (4) and do not apply to murder, kidnapping or rape. The fact that Acts 1981, Public Law 266 reenacts § 31–6–2–4(c) while amending § 31–6–2–1 to include subsection (d) does not make this interpretation untenable. After all, an action which initially belongs in juvenile court and accordingly is filed therein may subsequently develop such that the action no longer belongs in juvenile court pursuant to § 31–6–2–1(d) and must be waived to adult criminal court pursuant to § 31–6–2–4(c). This would be the situation of an aggravated battery which becomes murder after the victim dies a lingering death. As of 1981, the juvenile court has no jurisdiction over the crime of murder. I therefore dissent and would affirm the trial court.