Stephan A. OWENS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee.

No. 2–582–A–144.

Court of Appeals of Indiana,
Second District.

Oct. 13, 1983.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia S. Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

## MEMORANDUM DECISION

In October of 1967, Stephan A. Owens (Owens) was charged with theft in the Tippecanoe Superior Court. During the proceedings in that court, Owens represented his age to be nineteen years. In November of that year the trial court accepted his guilty plea and sentenced him to six months incarceration.

Fourteen years later, on March 13, 1981, Owens filed his pro se petition for post conviction relief pursuant to Ind.Rules of Procedure, Post-Conviction Rule 1. He asserted that his 1967 conviction should be set aside because at the time he was in fact seventeen years old and that because the juvenile court had not waived jurisdiction, the superior court judgment was invalid. The State's answer to the petition asserted that Owens "perpetrated a fraud upon the Court" and that accordingly he waived or should be estopped from making his claim and that further he had not timely asserted the alleged error. Record at 21.

The trial court summarily denied the post-conviction relief petition finding that

Owens "was an adult at the time of the entry of the guilty plea and that the elapsed period between 1967 and the date of defendant's petition for post-conviction relief constitutes waiver." Record at 26.

The determination of the trial court contains what appears to be a factual determination as to Owens' age at the time of his guilty plea. The State did not contest Owens' claim that he was a juvenile at the time. It argued only that Owens should be held to the consequences of his own misrepresentation and of his delay in asserting his claim. At the outset, therefore, it would seem that the record does not affirmatively show the absence of a genuine issue as to Owens' age at the time of his guilty plea. Whether resolution of that issue might benefit Owens, however, is quite a different question.

## JURISDICTION

Very recently, in *Twyman v. State* (1st Dist.1983) Ind.App., 452 N.E.2d 434, the First District held that the jurisdiction of a criminal court over a juvenile offender involves questions of jurisdiction of the person, not jurisdiction of the subject matter. The First District further held that a juvenile who by misrepresenting his age causes a criminal court to initiate proceedings against him without a prior waiver of jurisdiction by the appropriate juvenile court may be held to have waived the issue of proper jurisdiction over his person.[1]

## LACHES

*Twyman v. State,* supra, affirmed the trial court's determination that the juvenile's post-conviction jurisdictional claim was barred by laches. In *Twyman,* the juvenile waited eight years following his criminal court conviction before asserting the jurisdictional claim. In the case before us, Owens pleaded guilty in 1967, fourteen

years before his attempt to avoid the consequences of that plea.

Unlike the trial court in *Twyman,* however, the Tippecanoe Superior Court did not conduct a hearing upon the merits of Owens' petition for post-conviction relief. Had the Tippecanoe Superior Court done so, we might well affirm the judgment solely upon the authority of that case. Here, however, the trial court found as a fact that Owens was an adult at the time of his guilty plea, not that by his misrepresentation he is held to the consequences of his plea as if he were in fact an adult at the time. Furthermore, the trial court determined that Owens had not timely asserted his claim. Although the trial court used the term "waiver" in connection with the fourteen-year lapse of time, it is probable that the court was applying the doctrine of laches to Owens' claim.

In any event, we must necessarily conclude that the trial court erred in failing to conduct a hearing upon Owens' petition so as to resolve the question of his age at the time of the guilty plea and to then assess his age in the context of misrepresentation, waiver, estoppel or the like. It was also error for the court to conclude that the assertion was not timely made without affording Owens the opportunity to offer some facts in avoidance of the operation of the laches doctrine. *Frazier v. State* (1975) 263 Ind. 614, 335 N.E.2d 623; *Haynes v. State* (3d Dist.1982) Ind.App., 436 N.E.2d 874; cf. *Hernandez v. State* (3d Dist.1983) Ind.App., 450 N.E.2d 93.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this memorandum decision.

SHIELDS, J., concurs.

BUCHANAN, C.J., dissents with opinion.

It is not supportive of a conclusion here that Owens is estopped from attacking his conviction in the Tippecanoe Superior Court. Unlike the Clark Superior Court, the Tippecanoe Superior Court had subject matter jurisdiction over criminal cases, including cases charging theft.

1. It may be noted that *Carpenter v. State* (1977) 266 Ind. 98, 360 N.E.2d 839, which held a criminal conviction void involved true subject matter jurisdiction. In that case, the judgment was entered in the Clark Superior Court following a change of venue. The Clark Superior Court had no jurisdiction over criminal cases.

BUCHANAN, Chief Judge, dissenting.

I must respectfully dissent.

Because the Indiana General Assembly conferred upon the juvenile court "original *exclusive jurisdiction . . . in all cases* of delinquent, dependent, and neglected children,"[1] the Tippecanoe Superior Court lacked subject-matter jurisdiction over Owens's case if Owens was in fact under eighteen years of age.[2] The language of the general assembly unequivocally smacks of subject-matter jurisdiction. A judgment of conviction is *void* if rendered in the absence of subject-matter jurisdiction, and an appellant cannot be estopped from raising the issue "*even if [he] or his counsel were guilty of fraud*." *Carpenter v. State*, (1977) 266 Ind. 98, 103, 360 N.E.2d 839, 842 (emphasis supplied). Thus, this case should be remanded to the trial court, not for a hearing on laches, but for a factual determination as to Owens's age when the theft was committed. If Owens was a juvenile at that time, his conviction should be vacated.

Subject-matter jurisdiction refers to the very essence of the power of a court to act, whether derived from the constitution or a statute. *Carpenter, supra; City of Marion v. Antrobus,* (1983) Ind.App., 448 N.E.2d 325. While the juvenile court had jurisdiction "in all cases" of delinquent children, the Tippecanoe Superior Court possessed "original and appellate jurisdiction . . . in civil and criminal cases, *but not in matters of . . . juvenile jurisdiction.*" IC 33–5–41–6 (1976) (emphasis supplied).[3] What else could be said? It was the *duty* of adult criminal courts to transfer to the juvenile court all juvenile cases erroneously brought before them.[4]

At least two Indiana Supreme Court cases support the proposition that Owens's disputed age produces a subject-matter jurisdiction question.[5] In *Hicks v. State,* (1967) 249 Ind. 24, 230 N.E.2d 757, the court allowed a post-conviction attack on a circuit court criminal judgment, raising the question of the defendant's age *sua sponte. After* the defendant's plea of guilty to the charge of theft and *after* sentencing, he filed a "Petition and Motion to Vacate Judgment and Withdraw Plea." That petition indicated for the first time that the defendant was only seventeen years old at

1. IC 9–3103 (Burns Code Ed., Repl.1956) (emphasis supplied). The only exception to the juvenile court's jurisdiction was provided by IC 31–5–7–14 (Burns Code Ed., 1973) which allowed the juvenile court to waive jurisdiction in cases involving children fifteen years of age or older who were charged with an offense which would amount to a crime if committed by an adult. Here, the juvenile court was never given the opportunity to acquire jurisdiction of the 1967 cause against Owens; it is axiomatic, then, that jurisdiction was never waived to the Tippecanoe Superior Court.

For current law, *see* IC 31–6–2–1 (1982) (exclusive juvenile court jurisdiction); IC 31–6–2–1.5 (1982) (limited concurrent jurisdiction with court having felony jurisdiction); IC 31–6–2–4 (1982) (waiver of jurisdiction).

2. "The words 'delinquent child' shall include any boy under the full age of eighteen [18] years . . . who . . . [c]ommits an act which, if committed by an adult, would be a crime not punishable by death or life imprisonment . . . ." IC 31–5–7–4 (Burns Code Ed., 1973). For current law, *see* IC 31–6–4–1 (1982).

3. For current law, *see* IC 33–5–41–6, –42–6 (1982).

4. "If a complaint or charge of a criminal or quasi-criminal nature is made or pending against any person in any court, and, it shall be ascertained that said person was under the age of eighteen [18] years at the time the offense is alleged to have been committed, *it shall be the duty of such court to transfer the case immediately . . . to the juvenile court . . . .*" IC 31–5–7–13 (Burns Code Ed., 1973) (emphasis supplied). For current law, *see* IC 31–6–2–2 (1982).

5. *See Blythe v. State,* (1978) 268 Ind. 97, 373 N.E.2d 1098, in which the juvenile defendant, properly before the circuit court on an "adult" charge, pled guilty to an offense that was not a lesser-included offense of the charged crime. The supreme court framed the issue as whether "the trial judge lacked subject matter jurisdiction to accept the guilty plea" and reversed the denial of the defendant's petition for post-conviction relief, setting aside "the judgment for want of jurisdiction in the Circuit Court at the time it was entered." *Id.* at 99, 101, 373 N.E.2d at 1099, 1100. *See also Summers v. State,* (1967) 248 Ind. 551, 230 N.E.2d 320 (characterizing the juvenile court as having exclusive original jurisdiction of the subject matter and of the person).

the time of the alleged offense. In reversing the judgment, then Chief Justice Hunter made it clear that the circuit court had no jurisdiction to enter a conviction:

"[I]t is our conclusion that the court below erred in failing to grant withdrawal of appellant's plea of guilty and in failing to transfer this case to its juvenile docket upon being advised of the age of appellant at the time of the alleged offense, since, at that time, it became apparent that the Lawrence Circuit Court, sitting in its capacity as a criminal court, did not have the requisite jurisdiction to convict and sentence the appellant . . . ."

*Id.* at 31, 230 N.E.2d at 761.

Similarly, and in a case even more factually analogous to the one before us, the supreme court in *Cummings v. State,* (1969) 252 Ind. 701, 251 N.E.2d 663, reversed a sixteen-year old's circuit court conviction of inflicting physical injury while engaged in the commission of a robbery. *After* her conviction and sentencing at a trial at which the defendant had misrepresented herself to be twenty years old, she brought her juvenile status to the court's attention. The trial court denied her belated motion for new trial, and the supreme court reversed, determining that the trial court had a duty to transfer the case to the juvenile court upon discovering the defendant's true age.

The *Hicks* and *Cummings* cases indubitably demonstrate the propriety of Owens's post-conviction attack upon his guilty plea (reprehensible as his conduct may be). Regardless of the language used,[6] those cases, by entertaining appeals when the defendant's age was not brought to the trial court's attention until after sentencing, indicate that subject-matter, rather than personal, jurisdiction is the issue. Other cases,[7] which loosely refer to the juvenile court's jurisdiction over the person, are inapposite

because they did not involve questions of subject-matter jurisdiction. It matters not that, in *Hicks,* the defendant apparently did not affirmatively misrepresent her age. And, it is irrelevant that, in *Cummings,* the error was brought to the trial court's attention within a few days after sentencing. Based on the pertinent statutes and the Indiana Supreme Court cases, neither fraud nor delay can confer subject-matter jurisdiction upon a trial court.

Thus, I must conclude that the majority's reliance upon *Twyman v. State,* (1983) Ind. App., 452 N.E.2d 434, is misplaced and that Owens's petition asserts a subject-matter jurisdiction question which is not restricted by the doctrine of laches. I would remand for a hearing on Owens's age and would order Owens's conviction vacated in the event he is found to have been a juvenile at the time of the offense. All of which is not to say that he should remain unpunished if his chicanery has perpetrated a fraud on the courts. There is machinery available for that purpose.

---

6. *Compare Cummings, supra* at 707, 251 N.E.2d at 667 ("the circuit court did not have jurisdiction of appellant") *with Hicks, supra* at 31, 230 N.E.2d at 761 ("the Lawrence Circuit Court . . . did not have the requisite jurisdiction to convict and sentence appellant").

7. *See, e.g., Caldwell v. State,* (1983) Ind., 453 N.E.2d 278; *Trotter v. State,* (1981) Ind., 429 N.E.2d 637.