**Samuel A. JOHNSON, Mark A. Johnson and Sidney Scott, Appellants,**

v.

**STATE of Indiana, Appellee.**

No. 82S00–8806–CR–526.

Supreme Court of Indiana.

July 26, 1989.

Glenn A. Grampp, Evansville, for appellants Samuel A. Johnson and Mark A. Johnson.

Ronald J. Freson, Evansville, for appellant Sidney Scott.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of all three appellants of the crime of Rape, a Class B felony, for which they each received a sentence of ten (10) years enhanced by five (5) years with five years of their sentences to be suspended to probation.

The facts are: On February 24, 1986, the victim was on her way to her baby-sitting job when she encountered four boys she knew from high school. Among them was her boyfriend, appellant Mark Johnson. The others were Mark's brother, Samuel Johnson, Sidney Scott, and Kevin Johnson.

Sidney Scott asked the victim if she would give him a ride to the Johnsons' home, which she consented to do. Scott got in the back seat of the victim's automobile and Kevin Johnson got in the front seat. The Johnson brothers continued to walk.

When they arrived at the Johnson home, Scott grabbed the victim's purse, breaking the strap. He pulled the car keys from the ignition and ran to the house. Mark Johnson, Scott, and Kevin Johnson then came out of the home and got into the victim's car with Mark driving. The victim attempted to get her keys from Mark but was unsuccessful. Mark drove to Scott's

house, then they returned to the Johnson house to get some items and they picked up Mark's brother Samuel. Scott then drove the car back to his house while Mark got in the back seat with the victim and Kevin.

When they arrived back at Scott's house, the victim begged them to return her keys so she could get to her baby-sitting job. Mark refused and slapped the victim in the face. He threatened to hit her again so she got out of the car and walked toward the garage at the Scott home. The other men already had entered the garage. When Mark and the victim entered, he pushed her down on a couch. Kevin and Mark together dragged her toward a stack of mattresses and began to undress her.

When she was undressed, Scott grabbed her by the hair and forced her to commit fellatio. He slapped her because she "wasn't doing it right." Each of the four men then took turns forcing the victim to orally copulate him and then to have intercourse with them. During the process, they slapped her and pulled her hair. When the victim asked Mark and his brother to help her, they just smiled. At one point in the attack, Mark inserted a hammer handle in the victim's vagina while Scott held her legs apart.

The victim eventually was allowed to dress and was taken back to the Johnson home where her keys were returned to her, and she was allowed to leave. She immediately drove home and was taking a shower when her mother came upstairs and discovered that she was crying and quite upset. She told her mother what had happened and was taken to a hospital where she was examined by a nurse and a doctor.

At trial, Scott admitted having intercourse and oral sex with the victim but stated that it was consensual. Both the nurse and the doctor testified that they observed no scratches or abrasions on the victim. Each stated that this did not necessarily preclude her claim of being raped.

Two briefs have been filed in this case, one for appellant Sidney Scott, and one for the Johnson brothers. The allegations of error are essentially the same in each brief and will be considered together in this opinion.

■ Appellants first claim that the trial court erred in giving the State's Final Instruction No. 4, which reads as follows:

"The jury is entitled to believe whomever they choose, and the testimony of experts is not entitled to special weight.

Expert testimony is not conclusive upon the issue of whether or not intercourse took place, and if so, where it was consensual [sic] in nature."

Appellants object to this instruction on two grounds: 1) that it is repetitious of other instructions which properly set forth the manner in which the jury was to evaluate witnesses' testimony; and 2) that the instruction is an erroneous statement of the law in that it states that the testimony of experts is not entitled to special weight.

A similar issue was involved in *Hall v. State* (1980), 273 Ind. 507, 405 N.E.2d 530 in which this Court held that it was proper to tell the jury that they could consider the expert witness's testimony, but if they found that the expert's opinion was outweighed by other evidence, they could disregard the expert's opinion entirely. In *Woolston v. State* (1983), Ind., 453 N.E.2d 965, this Court repeated the statement that a jury may disregard an expert's opinion entirely.

In the case at bar, we have the additional facts of the testimony of both the doctor and the nurse that their failure to find scratches or abrasions on the victim did not preclude her claim of rape. We find no error in the giving of State's Final Instruction No. 4.

In the brief prepared by counsel for the Johnsons, they raise the issue that the trial court abused its discretion in finding aggravating circumstances and enhancing the presumptive sentence of ten (10) years by five (5) additional years. Appellants urge that the statutory mitigating factors applied to them.

■ They also claim that the trial court, by suspending the additional five (5) years, essentially found that none of the aggravating circumstances applies to them.

However, appellants cite no authority for this position, and we find no merit in their contention. The trial judge clearly set out the aggravating circumstances to be that the acts were perpetrated upon the victim in concert by the defendants, that in addition to being raped, the victim was forced to perform fellatio, and that during the course of the acts, a foreign object believed to be a hammer handle was inserted in the vagina of the victim. These findings of fact by the trial court clearly supported the enhancement of the sentence.

In the brief filed in behalf of Sidney Scott, appellant claims that inasmuch as he was only sixteen years and ten months of age at the time of the offense, he should have been tried in juvenile court as a delinquent. However, Ind.Code § 31-6-2-1(d) provides that juvenile court does not have jurisdiction over an individual for an alleged violation of, among other things, rape as defined by Ind.Code § 35-42-4-1, which was the charge in the instant case.

Under Ind.Code § 31-6-2-1(d)(4), the crime of robbery is also named and under that subsection of the statute, it provides that the juvenile will be tried in criminal court if the crime was committed while armed with a deadly weapon or if it results in bodily injury or serious bodily injury. However, this subsection of the statute does not apply to the rape portion of the statute above referred to.

By definition, rape is a Class B felony which is graduated to a Class A felony if a deadly weapon is involved. However, robbery is a Class C felony unless the above-named aggravating circumstances are present. Thus the clear intention of the statute is that any person being over the age of sixteen years who commits rape will be tried by the criminal court rather than juvenile court. *Caldwell v. State* (1983), Ind., 453 N.E.2d 278. The trial court did not err in trying the defendants as adults.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., dissents as to sentencing of Sidney Scott but otherwise concurs.